# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 25, 2005

## STATE OF TENNESSEE v. SCOTT MCCLAIN

**Direct Appeal from the Criminal Court for Washington County**
**No. 28934    Lynn W. Brown, Judge**

---

**No. E2004-01182-CCA-R3-CD - Filed June 13, 2005**

---

The appellant, Scott McClain, pled guilty in the Washington County Criminal Court to driving under the influence (DUI) with a blood alcohol content greater than .20. He received a sentence of eleven months and twenty-nine days incarceration in the Washington County Jail. As a condition of his plea, the appellant reserved certified questions of law concerning the suppression of the results of his blood alcohol test. Upon our review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Scott Pratt, Johnson City, Tennessee, for the appellant, Scott McClain.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; Joe Crumley, District Attorney General; and Stan Widener and Janet Hardin, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

The record reveals that at approximately 11:00 p.m. on March 21, 2003, Edwin N. Graybeal, III, a deputy sheriff with the Washington County Sheriff's office, was dispatched to the scene of a single car accident on East Mountain View Road in Washington County. Upon Deputy Greybeal's arrival, he observed that the appellant's vehicle had collided with a tree. The appellant, the driver of the vehicle, had been removed from the scene and taken by ambulance to Johnson City Medical Center for treatment. Police inventoried the vehicle and discovered, among other items, one unopened beer. Deputy Graybeal detected an odor of alcoholic beverage in the car.

Next, Deputy Graybeal went to Johnson City Medical Center to speak with the appellant. The appellant had been unconscious when he arrived at the hospital, but he had regained consciousness during treatment. While the appellant was unconscious and during the course of his treatment, hospital staff obtained a sample of his blood. When Deputy Graybeal arrived at the hospital, he learned that the appellant was in the emergency room and was "still on the back board" on which he had been transported to the hospital. The appellant told Deputy Graybeal that he had been alone in the vehicle when he "ran off the road." Additionally, the appellant admitted that he had consumed two beers prior to the accident. When the appellant was speaking, Deputy Graybeal detected "a strong odor of intoxicant on his breath, and his eyes were red and glazed." However, Deputy Graybeal noted that the appellant's speech "wasn't abnormal." Deputy Graybeal opined that the appellant was physically unable, due to his injuries, to perform field sobriety tests.

Thereafter, the appellant was indicted for DUI, first offense. See Tenn. Code Ann. § 55-10-401(a) (1998). Following the indictment, the State served a subpoena duces tecum on Johnson City Medical Center for the appellant's medical records relating to his treatment on the night of the accident. The records revealed that the appellant's blood alcohol content at the time of the accident had been .276, well over the legal limit of .08. Id. at (a)(2). The State then reindicted the appellant for DUI with a blood alcohol content over .20. Id.; see also Tenn. Code Ann. § 55-10-403(a)(1) (1998).

Subsequently, the appellant filed a motion to suppress the medical records, contending that his right to privacy was violated by the State's subpoena of the medical records, the subpoena amounted to an illegal warrantless search, and the appellant's due process rights were violated by allowing the State to subpoena the records. The trial court denied the appellant's motion, finding that the appellant did not have standing to challenge the subpoena as it was issued to a third party and that the appellant's due process rights were not violated.

Following the trial court's ruling, the appellant entered a guilty plea to DUI, first offense, with a blood alcohol content greater than .20, which offense is a Class A misdemeanor. The appellant received a sentence of eleven months and twenty-nine days. As a condition of his plea, the appellant reserved three certified questions of law:

> [(1)] Whether the trial court erred in denying the [appellant's] motion to suppress the results of a blood test, taken for medical purposes only, on the grounds that the State's use of an *ex parte* subpoena to obtain the records violated the [appellant's] constitutional right to privacy.

> [(2)] Whether the trial court erred in denying the [appellant's] motion to suppress the results of the blood test, taken for medical purposes only, on the grounds that the State's use of an *ex parte* subpoena failed to comply with the statutory requirements of Tennessee Code Annotated [section] 40-17-123.

[(3)] Whether the trial court erred in denying the [appellant's] motion to suppress the results of the blood test, taken for medical purposes only, on the grounds that allowing the State to obtain such evidence offends the notions of fundamental fairness and substantial justice in that those who are seriously injured in automobile accidents are afforded less protection than those who are not injured.

The appellant, the State, and the trial court agreed that the foregoing questions were dispositive, and all parties signed the order containing the certified questions.

## II. Analysis

Initially, we note that Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure provides that an appellant may appeal from any judgment of conviction occurring as a result of a guilty plea if the following requirements are met:

> (A) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;
>
> (B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and
>
> (D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case.

Tenn. R. Crim. P. 37(b)(2)(i); see also State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003); State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). Therefore, we conclude that the certified questions are properly before this court.

On appeal, the State contends that the appellant's certified questions are not dispositive of the case. We disagree. Our review of the record reveals that the appellant pled guilty to DUI with a blood alcohol content greater than .20. Although there is other proof in the record that the appellant drove while under the influence, the sole proof that the appellant drove with a certain blood alcohol content is contained in the results of the blood test taken from the hospital. See State v.

Terry A. Hawkins, No. M2002-01819-CCA-R3-CD, 2004 WL 735028, at *3 n.1 (Tenn. Crim. App. at Nashville, Apr. 6, 2004), perm. to appeal denied, (Tenn. 2004).

Turning to the substance of the appellant's certified questions, we note that the appellant first complains that the State's subpoena of his medical records violated his right to privacy.[1] Recently, this court concluded that "a patient's right to privacy in the contents of his or her medical records in a licensed health care facility is statutorily recognized." State v. Craig S. Cook, No. M2002-02460-CCA-R3-CD, 2004 WL 2827007, at *3 (Tenn. Crim. App. at Nashville, Dec. 9, 2004); see also Tenn. Code Ann. § 68-11-1502 (2001). Moreover, Tennessee Code Annotated section 68-11-304(a)(1) (2001) provides that "[h]ospital records are and shall remain the property of the various hospitals, subject, however, to court order to produce the same." Regardless, "it is clear that hospital records may be subpoenaed for use in a criminal proceeding." Cook, No. M2002-02460-CCA-R3-CD, 2004 WL 2827007, at *3; see also Tenn. Code Ann. § 68-11-404(a)(3). Accordingly, "a patient's right to privacy in his or her medical records is superceded by a properly executed subpoena to the hospital holding the medical records." State v. Tammy Hart, No. E2003-00053-CCA-R3-CD, 2003 WL 22532500, at *14 (Tenn. Crim. App. at Knoxville, Nov. 7, 2003), perm. to appeal denied, (Tenn. 2004). Thus, we conclude that the trial court properly found that the appellant's right to privacy was not violated by the State's issuance of a subpoena duces tecum for the appellant's medical records.

The appellant also contends that the State did not properly comply with Tennessee Code Annotated section 40-17-123 (2003) in drafting the subpoena for his medical records. However, "the [appellant] had no standing to challenge either the validity of the subpoena or the authority of the District Attorney to issue it. The person [or entity] to whom the subpoena was directed was the only party having standing to contest the validity of the subpoena." State v. Fears, 659 S.W.2d 370, 376 (Tenn. Crim. App. 1983); see also Hart, No. E2003-00053-CCA-R3-CD, 2003 WL 22532500, at *14. In the instant case, the trial court properly found that the appellant did not have standing to challenge the issuance of the subpoena.

Finally, the appellant complains that the issuance of the subpoena "offends the notions of fundamental fairness and substantial justice in that those who are seriously injured in automobile accidents are afforded less protection than those who are not injured." However, the appellant has failed to cite to any authority for this proposition. Accordingly, we are constrained to find this issue waived on appeal. See Tenn. Ct. Crim. App. R. 10(b); Tenn. R. App. P. 27(a)(7).

### III. Conclusion

Finding no error, we affirm the judgment of the trial court.

---

[1] We note that the appellant's brief contains scant citations to the record. Ordinarily, a failure to cite to the record would result in a waiver of the issues. See Tenn. Ct. Crim. App. R. 10(b); Tenn. R. App. P. 27(a)(7). However, in the interest of justice, we have chosen to address the appellant's issues.

_____
NORMA McGEE OGLE, JUDGE