IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 2, 2005

## STATE OF TENNESSEE v. BILLY MAC MONTGOMERY

**Direct Appeal from the Circuit Court for Tipton County**
**No. 4851    Joseph H. Walker, Judge**

_____

**No. W2004-02968-CCA-R3-CD  - Filed September 1, 2005**

_____

The appellant, Billy Mac Montgomery, pled guilty in the Tipton County Circuit Court to driving under the influence (DUI), a Class A misdemeanor.  The trial court sentenced him to eleven months and twenty-nine days in the county jail, to be suspended after serving forty-eight hours, and imposed a three hundred fifty dollar fine.  Pursuant to the plea agreement, the appellant reserved the right to appeal a certified question of law challenging the trial court's denial of his motion to suppress.  The State contends that the question presented is not dispositive and, therefore, that this court is without jurisdiction over the appeal.  Upon review of the record and the parties' briefs, we conclude that the appeal should be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and J.C. MCLIN, JJ., joined.

Frank Deslauriers, Covington, Tennessee, for the appellant, Billy Mac Montgomery.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Walt Freeland, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

At the suppression hearing, Trooper Keith Franks of the Tennessee Highway Patrol testified that on April 27, 2003, he worked the 3:00 p.m. to 11:00 p.m. shift.  Shortly after going on duty, Trooper Franks was dispatched to a one-vehicle crash involving a motorcycle on Hawkins Road.  When he arrived, Trooper Franks saw the appellant lying face-up on a concrete driveway.  The appellant was complaining of rib injuries, appeared to be in a lot of pain, and appeared to be under the influence of drugs or alcohol.  While the appellant was lying on the driveway, Trooper Franks

"got down real close to him, like almost face to face, to talk to him, to see if [he] could observe any odor of alcoholic beverage." Trooper Franks related that he could smell alcohol on the appellant. Trooper Franks investigated the accident scene and concluded that the appellant had failed to negotiate a curve and had run off the road. The motorcycle flipped several times, throwing off the appellant.

The appellant was transported to a hospital emergency room. Trooper Franks went to the hospital and asked the appellant if he had had anything to drink. The appellant told the trooper that he had consumed a fifth of vodka. Trooper Franks asked if the appellant would submit to a blood test to determine his blood alcohol level, and the appellant agreed. Trooper Franks related that the appellant was conscious and alert but in a great deal of pain. The appellant was lying on an examination table and was wearing a neck collar. He stated that the appellant never withdrew his consent and never gave any indication that he had changed his mind about the blood draw. The appellant's blood was drawn at 5:10 p.m. and revealed a blood alcohol content of 0.18.

On cross-examination, Trooper Franks testified that the appellant had a punctured right lung. He said that he had been unaware that the appellant also had a collapsed left lung, ten fractured ribs, and both collarbones broken. He said that he had no knowledge of the appellant having been in a coma and did not know if the appellant had received morphine before the appellant consented to having his blood drawn. Trooper Franks did not have the appellant sign an implied consent form because he did not think the appellant should move.

The appellant testified that he suffered short-term memory loss as a result of the accident and that the last thing he remembered was riding the motorcycle. He stated that he did not remember anything about the accident or talking with Trooper Franks. He related that he was in a coma for six weeks.

The trial court denied the appellant's motion to suppress, stating,

> Well, basically, what I'm faced with is proof from the officer that he had a conversation, could smell alcohol, that the defendant indicated he was drinking alcohol to him; that he was face-up on the table, he had a neck brace on, he was responsive to his questions, and that he asked him whether or not he could take blood for an alcohol exam, and the defendant indicated he could.
>
> On the other hand, it's the defendant's testimony he had very serious injuries, but has no memory of the event in the emergency room here; that his last memory is riding a motorcycle, his first memory is, I think several days or weeks later he awoke from what his attorney has referred to as a coma.

So faced with that, the Court believes that I should not suppress the taking of the blood or the results of the blood alcohol test, and so the Motion to Suppress will be denied.

Upon the trial court's denial of his motion to suppress, the appellant pled guilty to DUI. Thereafter, the trial court sentenced him to eleven months and twenty-nine days in the county jail, to be suspended after service of forty-eight hours, and imposed a fine of three hundred fifty dollars. Pursuant to the plea agreement, the appellant reserved the right to appeal a certified question of law challenging the trial court's denial of his motion to suppress. See Tenn. R. Crim. P. 37(b)(2)(i). On appeal, the appellant claims that the trial court erred by denying his motion because although he was conscious when Trooper Franks asked him to consent to a blood alcohol test, the amount of pain he was in and his physical condition rendered him incapable of refusing the test. See Tenn. Code Ann. § 40-35-406(b). The State claims that the appeal should be dismissed because the question presented is not dispositive. We agree with the State.

Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure provides that an appellant may appeal from any judgment of conviction occurring as a result of a guilty plea if the following requirements are met:

> (A) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;
>
> (B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and
>
> (D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case.

See also State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003); State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988).

Additionally, in Preston, 759 S.W.2d at 650, our supreme court explicitly provided prerequisites to appellate consideration of a certified question of law under Rule 37(b)(2)(i), stating

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved.

This court has repeatedly cautioned that "[b]ecause the prerequisites enunciated in <u>Preston</u> are mandatory, failure to properly reserve a certified question of law pursuant to <u>Preston</u> will result in the dismissal of the appeal." <u>State v. Andrea McCraw</u>, No. 03C01-9903-CR-00106, 2000 WL 250146, at *2 (Tenn. Crim. App. at Knoxville, Mar. 7, 2000) (citing <u>State v. Pendergrass</u>, 937 S.W.2d 834, 838 (Tenn. 1996)).

In support of its position that the question presented is not dispositive, the State cites <u>State v. Craig S. Cook</u>, No. M2002-02460-CCA-R3-CD, 2004 WL 2827007 (Tenn. Crim. App. at Nashville, Dec. 9, 2004). In that case, the defendant had a motorcycle accident, and a police officer was dispatched to the scene. <u>Id.</u> at *1. When he arrived, the officer smelled alcohol on the defendant's person and asked the defendant if he had had anything to drink. <u>Id.</u> The defendant replied that he had consumed three beers. <u>Id.</u> The defendant was taken to a hospital, where a blood alcohol test was administered. <u>Id.</u> The defendant moved to suppress the test results, and the trial court denied the motion. <u>Id.</u> at *2. Subsequently, the defendant pled guilty to DUI, reserving a certified question of law challenging the trial court's denial of his motion to suppress the test results. <u>Id.</u> at *2. A panel of this court dismissed the appeal, concluding that the certified question of law was not dispositive because the officer testified that the defendant had an "obvious" odor of alcohol on his person and admitted to drinking three beers. <u>Id.</u> at *3. Thus, the proof was sufficient to show that the defendant committed DUI even without the blood test results. <u>Id.</u>

We believe that the facts in <u>Cook</u> are strikingly similar to the instant case. The appellant was driving his motorcycle on Hawkins Road when he failed to negotiate a turn and ran off the road. When Trooper Franks arrived, he asked the appellant if he had been drinking, and the appellant stated that he had consumed a fifth of vodka. Trooper Franks also smelled alcohol on the appellant's person. Thus, there is evidence independent of the blood alcohol test to support the conviction.

In any event, we agree that the trial court properly denied the motion to suppress. The trial court's findings of fact in a suppression hearing will be upheld on appeal unless the evidence preponderates against those findings. <u>State v. Odom</u>, 928 S.W.2d 18, 23 (Tenn. 1996). Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact. The party prevailing in the trial court is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence. <u>Id.</u> However, the application of the law to the trial court's findings of fact is a question of law subject to de novo review. <u>State v. Yeargan</u>, 958 S.W.2d 626, 629 (Tenn. 1997).

In this state, "any person who drives any motor vehicle . . . is deemed to have given consent to a test for the purpose of determining the alcoholic or drug content of that person's blood; provided, that such test is administered at the direction of a law enforcement officer having reasonable grounds to believe such person was driving while under the influence of an intoxicant or drug." Tenn. Code Ann. § 55-10-406(a)(1). However, if a defendant is incapable of refusing a blood alcohol test, the test shall be given but the results will be inadmissible evidence unless the defendant consents. See Tenn. Code Ann. § 55-10-406(a)(4)(b). In this case, Trooper Franks testified that the appellant was conscious, alert, and consented to the test. Although the appellant was in a considerable amount of pain at the time he gave his consent, nothing indicates that his physical condition rendered him incapable of refusal. Trooper Franks testified that the appellant agreed to the test and never changed his mind. We conclude that the trial court properly denied the appellant's motion to suppress.

### III.  Conclusion

Based upon the record and the parties' briefs, we conclude that the certified question is not dispositive of the case. Therefore, because the question of law is not properly before this court, we dismiss the appeal for lack of jurisdiction.

_____
NORMA McGEE OGLE, JUDGE