IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 17, 2007

## STATE OF TENNESSEE v. MICHAEL R. KING

**Appeal from the Circuit Court for Dickson County**
**No. CR7813     George C. Sexton, Judge**

---

**No. M2006-01932-CCA-R3-CD - Filed September 28, 2007**

---

The defendant, Michael R. King, was indicted by the Dickson County Circuit Court Grand Jury on two counts of driving under the influence of an intoxicant (DUI), second offense. *See* T.C.A. §§ 55-10-401, -403(a)(1) (2004). He moved to suppress the results of his blood alcohol test. Following the circuit court's denial of the motion, a plea agreement resulted in a *nolle presequi* of count one (DUI), a guilty plea to count two (DUI per se, *see id.* § 55-10-401(a)(2)), and the reservation of a certified question of law: "Whether the trial court erred following a suppression hearing held on July 10, 2006, that the results of the Defendant's blood alcohol test may be admitted into evidence?" Because the certified question was not properly reserved for review, we dismiss the appeal.

**Tenn. R. App. P. 3; Appeal Dismissed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JERRY L. SMITH, J., joined. JOSEPH M. TIPTON, P.J., filed a separate concurring opinion.

Timothy V. Potter, Dickson, Tennessee, for the appellant, Michael R. King.

Robert E. Cooper, Jr., Attorney General & Reporter; and Mark A. Fulks, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

At the suppression hearing, the prosecutor and defense counsel apparently agreed that, following a December 16, 2004 automobile accident, the defendant had been transported to the hospital, where treating medical personnel drew blood from the unconscious defendant for use in chemical tests, including a blood alcohol analysis. The State claimed that no law enforcement agent requested a blood alcohol test on the defendant.[1] The prosecutor, however, announced that he had

---

[1] *See* T.C.A. § 55-10-406(b) ("Any person who is unconscious as a result of an accident or is unconscious at the time of arrest or apprehension or otherwise in a condition rendering that person incapable of refusal, shall be
(continued...)

no witnesses to present in opposition to the motion to suppress. The defense rejoined, "[I]t might very well be the case [that no law enforcement agent requested the test]. We argue that it's not [the case;] . . . the burden of proof . . . is on the State."

The defendant then testified in the suppression hearing that he was rendered unconscious in an automobile accident on December 16, 2004. He was taken to the hospital and was unaware that his blood was drawn. He was allowed to leave the hospital but was subsequently charged with DUI. The defendant admitted that, when he woke up in the hospital, no law enforcement officers were present.

Following this testimony, the defense again argued that "the burden is on the State to show that that blood was drawn from his body for other than law enforcement purposes. It's not [the defendant's] job to argue and disprove a negative. He's unconscious." The defendant also argued that the extraction of the blood and/or the use of the test report violated statutory and constitutional standards.

Following argument, the circuit judge stated, "[T]he initial burden in a warrantless search is upon the defendant to establish that there was a search. The defendant has failed to establish there was any search in this case because they haven't established there was any State action . . . ." Based upon that holding, the court overruled the motion to suppress.

The ensuing plea agreement resulted in a judgment of guilty of DUI per se and an order that specified the reservation of a certified question of law. The judgment stated, "Certified Question: Whether the trial court erred following a suppression hearing held on July 10, 2006, that the results of the Defendant's blood alcohol test may be admitted into evidence?" The separate order similarly stated the certified question.

Reserving a certified question of law for appellate review is governed by Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure, which provides,

> An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:
>
> . . . .

---

[1](...continued)

subjected to the test or tests as provided for by §§ 55-10-405 to -412, but the results thereof shall not be used in evidence against that person in any court or before any regulatory body without the consent of the person so tested . . . ."), (e) ("Provided probable cause exists for criminal prosecution for the offense of driving under the influence of an intoxicant under § 55-10-401, nothing in this section shall affect the admissibility into evidence in a criminal prosecution of any chemical analysis of the alcohol or drug content of the defendant's blood that has been obtained while the defendant was hospitalized or otherwise receiving medical care in the ordinary course of medical treatment.").

(2) Upon a plea of guilty or nolo contendere if:

(i) The defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

(A) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by the defendant for appellate review;

(B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

(C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and

(D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(i)(A) - (D).

As in any other appeal before this court, our first concern is whether this court is authorized to hear the case. Jurisdiction to hear a direct appeal following a guilty plea generally must be predicated upon the provisions for reserving a certified question of law. "Appeals of certified questions of law run counter to the general rule that a defendant enjoys no right of appeal following a guilty plea." *State v. Festus Babundo*, No. E2005-02490-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, May 26, 2006); *compare* Tenn. R. Crim. P. 37(b)(1) with *id.* 37(b)(2).

Because of the dispensatory nature of a certified question appeal, our supreme court firmly rejected a rule of substantial compliance, *see State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003), and instead demanded strict adherence to Rule 37(b), as that rule has been amplified by the court itself. For instance, in *State v. Pendergrass*, our supreme court "emphasized" that

[r]egardless of what appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal *must contain a statement of the dispositive certified question of law reserved by defendant for appellate review, and the question of law must be stated*

*so as to clearly identify the scope and the limits of the legal issue reserved*. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law[,] and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. . . . Also, the order must state that the certified question was expressly reserved as part of the plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see . . . that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

*State v. Pendergrass*, 937 S.W.2d 834, 836-37 (Tenn. 1996) (quoting *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988)) (emphasis supplied in *Pendergrass*); *see State v. Lillie Fran Ferguson*, No. W2000-01687-CCA-R3-CD, slip op. at 4-5 (Tenn. Crim. App., Jackson, Apr. 27, 2001) (lamenting general, widespread failure to comply with *Preston-Pendergrass* and citing cases in which court of criminal appeals has dismissed certified-question appeals).

This court has said that, given the mandate for strict compliance, ineffectual certified question appeals continue to "add[] to the growing heap of appellate fatalities that have resulted when would-be appellants failed to heed the *Preston-Pendergrass* litany of requirements for certified-question appeals." *See State v. Carl F. Neer*, No. E2000-02791-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Knoxville, Oct. 8, 2001). For at least two reasons, the present case must be tossed onto this heap.

First, the question as presented does not "identify clearly the scope and limits of the legal issue reserved," as required by Tennessee Rule of Criminal Procedure 37(b)(2)(A)(ii). The question merely asks whether the trial court erred in overruling the motion to suppress and identifies no legal issue as a basis for error. This lapse alone disqualifies the appeal.

Second, the judgment, which bears no approving signatures of either the defendant's attorney or the prosecuting attorney, does not itself indicate that the "reserved" question was dispositive of the case and deemed as such by both parties and the trial court. Rule 37 requires that "the judgment or [other document to which such judgment refers that is filed before the notice of

-4-

appeal] reflect[] that the certified question was expressly reserved with the consent of the state and the trial court." *Id.* at 37(b)(2)(A)(iii). Furthermore, the "judgment or document [must] reflect that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case." *Id.* at 37(b)(2)(A)(iv). Although a Rule 37(b) appeal may be advanced when the otherwise nonconforming judgment incorporates by reference an existing document that satisfies the terms of the *Preston-Pendergrass* rule, *see*, *e.g.*, *State v. Chance Coy Herron*, No. M2004-00553-CCA-R3-CD, slip op. 3 (Tenn. Crim. App., Nashville, Dec. 1, 2004), the judgment under review incorporated nothing. Thus, the attempt to reserve a certified question fails for this reason, as well.

In light of these determinations, we dismiss this post-guilty plea appeal.

_____
JAMES CURWOOD WITT, JR., JUDGE