# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 15, 2010

## STATE OF TENNESSEE v. JONATHAN T. STEWART

### Appeal from the Circuit Court for Williamson County
#### No. II-CR104486    Timothy L. Easter, Judge

### No. M2010-00355-CCA-R3-CD - February 4, 2011

The Defendant, Jonathan T. Stewart, entered a plea of guilty to driving under the influence, first offense. The trial court imposed a sentence of eleven months and twenty-nine days to be suspended to probation after the service of forty-eight hours of confinement. As part of the plea agreement, the Defendant attempted to reserve a certified question of law, challenging the trial court's denial of his motion to suppress the evidence resulting from his traffic stop. Because the Defendant has failed to properly certify his issue for review, the appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

DAVID H. WELLES, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and J.C. MCLIN, JJ., joined.

Rob McKinney, Nashville, Tennessee, for the appellant, Jonathan T. Stewart.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Kim R. Helper, District Attorney General; and Kelly Lawrence, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual Background

The facts are not in dispute. On March 27, 2009, about ten minutes before 10:00 p.m., Officer Derrick Byrum of the Fairview Police Department received a call from dispatch alerting him to "be on the lookout" (BOLO) for a dark colored-Pontiac, headed westbound on Highway 100. A caller had reported that the Pontiac "was all over the road and was very slow" and that the first three numbers of the license plate were "449." Officer Byrum exited

the parking lot of the Fairview Police Department, located just off of Highway 100, and saw "traffic being backed up by a dark-colored Grand Am, or Grand Prix." He elaborated, "There were several cars backed up from the red light to where [the police department] is." Officer Byrum was able to catch up with the car on Chester Road, and he began to follow it. There was one car in between Officer Byrum's cruiser and the Pontiac, and Officer Byrum was assisted in surveillance by another patrol unit. The posted speed limit on the road was thirty miles per hour, and the road was "a narrow country road" with not much room to pass another vehicle. While following the vehicle, Officer Byrum's speed fluctuated between thirteen and twenty miles per hour. Officer Byrum saw the car start to veer to the left and the right, but he was unable to tell whether the car ever crossed over the lines. Thereafter, Officer Byrum initiated a traffic stop "due to the totality of the circumstances of having a BOLO, the vehicle fluctuating its speed from 13 to 20, and [the observations of] another officer behind me . . . ." After being stopped, the Defendant was unable to perform field sobriety tasks and refused to submit to a blood alcohol test. All of these events were apparently captured on video by a camera in Officer Byrum's patrol car.[1]

On October 12, 2009, the Defendant was charged by presentment with driving under the influence (DUI), first offense, and violation of the implied consent law. The Defendant filed a motion to suppress the evidence, seeking to suppress all statements and other evidence obtained as a result of the March 27, 2009 traffic stop. Citing State v. Hanning, 296 S.W.3d 44 (Tenn. 2009), he argued that the stop was not based upon reasonable suspicion because his slow speed was not impeding other drivers and, therefore, was not enough to corroborate the anonymous call.

At the conclusion of the suppression hearing, the trial court determined that the 911 call was an anonymous tip because Officer Byrum did not testify to an identifiable or named person. Defense counsel also challenged Officer Byrum's testimony about statements made by the caller in the 911 call as violative of the Confrontation Clause, but the trial court found no merit to this argument. Discussing the Hanning case cited by the Defendant, the trial court determined, contrary to defense counsel's assertions, that the holding was applicable to the factual situation presented here, the only difference being the type of vehicle involved. The trial court also concluded that the Defendant's driving "created a sufficiently high risk of imminent injury or death to members of the public to warrant his investigatory stop, even if it was an anonymous tip." Finally, the trial court, relying on the holding in Hanning, ruled, "I find this officer had sufficient grounds for a warrantless detention of [the Defendant], and that it was supported by a reasonable suspicion that [the Defendant] had committed, or was

---

[1] The transcript provides that a copy of the video was entered as Exhibit 1. However, Exhibit 1 in the appellate record is a recording of the conversation between the caller and dispatch. In this recording, the caller clearly identifies herself. The video of the traffic stop is not included in the record on appeal.

about to commit, a crime; therefore, the stop was justified, and the Motion to Suppress should be denied." In the written order that followed, the trial court stated as follows:

> The [c]ourt heard testimony from Officer Derrick Byrum of the Fairview Police Department and viewed the Officer's in-car video taken from the evening in question. Upon reviewing the evidence and hearing the arguments of both parties, the [c]ourt found that Officer Byrum had probable cause to initiate a traffic stop based upon the information he received from dispatch, his verification of that information and his own personal observations.

Thereafter, the Defendant entered into a negotiated plea agreement under Rule 11 of the Tennessee Rules of Criminal Procedure, in which he pleaded guilty to DUI, first offense, a Class A misdemeanor. See Tenn. Code Ann. §§ 55-10-401, -403. He received a sentence of eleven months and twenty-nine days, to be suspended to probation following service of forty-eight hours in the county jail. The violation of the implied consent law charge was dismissed. The plea was accepted by the trial court on February 8, 2010.

As part of his plea, the Defendant, pursuant to Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure, attempted to reserve the right to appeal a certified question of law dispositive of the case. The respective judgment of conviction form contained the following notation within the special conditions section: "Plea is being entered with a certified question of law reserved under Rule 37(b)." On the bottom of the judgment form it is noted, "See Exhibit 1 to the judgment." "Exhibit 1" provides as follows:

> The [D]efendant enters the plea pursuant to Rule 37[(b)][2] of the Tennessee Rules of Criminal Procedure. The [D]efendant alleges the issue of the traffic stop and testimony from the suppression hearing.
>
> The [D]efendant asserts the court erred as follows:
>
> (1) The court found the traffic stop to be valid. The [D]efendant contends the court erred in finding that the tipster was unknown. Further, the [D]efendant contends that the instant case is distinguished from St[ate] v. Hanning.

---

[2] The Defendant cites to section (d) of Rule 37; however, this section deals with pursuing or waiving an appeal following a guilty plea.

(2) The [D]efendant further asserts the court erred in allowing the officer to testify to some facts in violation to the Rules of Evidence.

This issue is dispositive of the case.

The issue is whether the traffic stop violated the Tennessee and U.S. Constitution.

This plea is with consent of the State. And the issue of the traffic stop is expressly reserved.

The Defendant filed a timely notice of appeal. The State argues initially on appeal that the certified question of law is simply too broad and ambiguous for appellate review. We agree with the State.

## Analysis

The Defendant has attempted to reserve his certified question pursuant to Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure, which provides that a defendant may appeal from any judgment of conviction occurring as a result of a guilty plea if the following requirements are met:

(i)[T]he judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) [T]he question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

(iii) [T]he judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) [T]he judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

See also State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003); State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988).

Additionally, in Preston, our supreme court explicitly provided prerequisites to appellate consideration of a certified question of law under Rule 37(b)(2)(A),[3] stating as follows:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn. R. Crim. P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

Preston, 759 S.W.2d at 650; see also State v. Pendergrass, 937 S.W.2d 834, 836-37 (Tenn. 1996). The Defendant bears the burden of "reserving, articulating, and identifying the issue." Pendergrass, 937 S.W.2d at 838.

The certified question states the issue in general terms, providing only "the issue of the traffic stop." The Defendant elaborates in "Exhibit 1": "The court found the traffic stop

---

[3] The Tennessee Rules of Criminal Procedure were amended subsequent to Preston, said changes becoming effective July 1, 2006. See Compiler's Notes, Tenn. R. Crim. P. (2006). As part of this undertaking, numerous sections and/or subparts of various rules were renumbered.

to be valid. The [D]efendant contends the court erred in finding that the tipster was unknown. Further, the [D]efendant contends that the instant case is distinguished from St[ate] v. Hanning." This overly broad question as reserved in "Exhibit 1" violates the mandates announced in Preston.

The Defendant contends that the trial court erred in finding that the tipster was unknown, which is in direct contradiction to what defense counsel argued at the suppression hearing—that the enhanced concern of reliability of an anonymous informant applied to the case. The Defendant seemingly changes positions again in his appellate brief, posing the question as whether the anonymous tip was sufficiently corroborated, presumably in effort to better frame the legal limits of the issue reserved: "The trial court erred in denying a motion to suppress where the police seized [the Defendant] based on an anonymous tip without sufficient corroboration of its reliability." The question as stated in "Exhibit 1" does not extrapolate on what this Court should review if, in fact, the trial court was incorrect in ruling that the tipster was unknown.

The Defendant does not expressly identify the reasons he believed the stop to be invalid. In attempting to reserve the question, the Defendant provides this Court with no guidance as to the substance of the holding in Hanning or how that holding is distinguishable from the present case. Moreover, the question as posed does not mention an anonymous informant, reliability, or reasonable suspicion, all of which would presumably be central to the Defendant's claim. As framed, the question is patently non-specific.

In his second issue ("testimony from the suppression hearing"), the Defendant challenges the admission of Officer Byrum's testimony "to some facts in violation to the Rules of Evidence." Again, the issue is overly broad and fails to clearly identify the scope and limits of the legal issue reserved. We are unable to discern from this general statement what facts or what rules of evidence to which the Defendant refers. Review of the question as presented would require a complete dissertation on the laws of evidence. Moreover, referring to the other documents in the record and the Defendant's brief on appeal, the Defendant is apparently challenging the testimony on Confrontation grounds. We are without jurisdiction to review the merits of the Defendant's claim because he has failed to properly reserve his certified question of law.

## Conclusion

After carefully reviewing the record and the pleadings in this case, we conclude that the Defendant has failed to properly frame his certified question of law. Accordingly, this Court has no jurisdiction to entertain the appeal, and the appeal is dismissed.

_____
DAVID H. WELLES, JUDGE