# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
June 22, 2010 Session

## STATE OF TENNESSEE v. RICKEY CLAYTON ROGERS

**Direct Appeal from the Circuit Court for Maury County**
**No. 18852      Stella Hargrove, Judge**

---

**No. M2009-02377-CCA-R3-CD - Filed March 8, 2011**

---

Defendant, Rickey Clayton Rogers, was charged in a three-count indictment with DUI third offense; driving on a revoked or suspended license, third offense; and violation of the implied consent law. He filed a motion to dismiss all charges in the indictment on the basis that the charges were filed outside the applicable statute of limitations. The trial court denied the motion. Defendant pled guilty as charged in the indictment, and purported to reserve certified questions of law for appeal pursuant to Tennessee Rule of Criminal Procedure 37(b)(2). The State argues that the appeal should be dismissed because of Defendant's failure to comply with all of the requirements to reserve a certified question of law for appeal; in the alternative, the State argues that the judgments should be affirmed. After a review of the record and a review of the applicable case law, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JERRY L. SMITH and J.C. MCLIN, JJ., joined.

John S. Colley, III, Columbia, Tennessee, for the appellant, Rickey Clayton Rogers.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; T. Michel Bottoms, District Attorney General, for the appellee, the State of Tennessee.

### OPINION

## I. Appellate Jurisdiction to Address Certified Question of Law

The opening paragraph in the argument section of the State's brief states as follows:

This appeal is not properly before this Court because the defendant failed to properly reserve a certified question of law. The judgment does not contain a certified question of law, nor does it refer to or incorporate another document. Because the defendant failed to strictly comply with Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure, this Court should dismiss this appeal.

The pertinent portion of Tennessee Rule of Criminal Procedure 37(b)(2) relied upon by the State provides as follows:

(b)     When an Appeal Lies. — The defendant or the state may appeal any order or judgment in a criminal proceeding when the law provides for such appeal. The defendant may appeal from any judgment of conviction:

* * *

(2)     on a plea of guilty or nolo contendere, if:

(A)     the defendant entered into a plea agreement under Rule 11(a)(3) but explicitly reserved–with the consent of the state and of the court–the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

(i) the judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

(iii) the judgment or document reflects that the certified question was expressly reserved with the consent of the state and trial court; and

(iv) the judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case;

Rule 37(b)(2) contains the explicit requirements for properly reserving a certified question of law which were mandated by our Supreme Court in *State v. Preston*, 759 S.W.2d 647 (Tenn. 1988). The final judgment of conviction, or the *other* document "to which such

judgment refers" *must* contain all of the information required in Rule 37(b)(2)(A). In other words, it is not sufficient that the "other document" contains all the required information. If that information is not also contained in the *judgment*, the judgment must refer to the "other document" which contains the necessary information. Substantial compliance with the *Preston* requirements, which are also contained in Rule 37(b)(2), is not sufficient to acquire appellate review of the certified question. *State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003).

None of the three judgments of conviction in this case contains a statement of the certified questions of law reserved for appellate review; the judgments also fail to provide the other required information. Although an order, discussed below, was signed by counsel for the parties and by the trial court, and was duly entered on the same day as the judgments, none of the judgments refer to this order.

Handwritten in the section of the DUI third offense judgment marked "special conditions" is "[a]ppeal being taken on certified question of law; effective date of sentence and service of jail time stayed pending appeal."

Pertinent to this issue, the judgments of the other two convictions contain the following handwritten stipulation in the section marked "special conditions": "see count one re appeal/stay." The guilty pleas were entered on November 5, 2009. The judgments of conviction were entered the same date. As noted above, an order in this case was also entered on November 5, 2009. This order was captioned, "Order Certifying Issues for Appeal" and the body of the order is set forth below in its entirety:

## ORDER CERTIFYING ISSUES FOR APPEAL

This matter having come on to be heard on the 5th day of November, 2009, upon the Defendant's plea under T.R.Cr.P. 11(a)(3) and 37(b)(2), specifically reserving issues for appellate review, the Court makes the following findings:

1.  All parties, including the Court, agree that the issues reserved for appellate review are dispositive of the charges against the Defendant;

2.  All parties agree that the issues preserved for review are:

a)  Are the warrants issued on March 6, 2008 void or otherwise fatally defective due to their failure to properly allege

-3-

probable cause within their respective affidavits so as to thereby be in violation of the Tennessee Rules of Criminal Procedure, the Tennessee Code, and or this defendant's constitutional rights as secured to him under the 4th Amendment to the United States Constitution and Article I, section 7 of the Tennessee Constitution?

b)     If the warrants are void or otherwise fatally defective, then would this defendant's subsequent waiver of his right to a preliminary hearing and bind-over the cases to the Maury County Grand Jury by the General Sessions Judge on February 9, 2009 toll the applicable statute of limitations for these misdemeanor offenses and, in effect then, "cure" any defects within the original charging instruments by virtue of the issuance of an indictment predicated on such warrants?

3.     All parties agree that the issues were expressly reserved with the consent of the State and the Court.

This the 5 day of November, 2009.

> /s/ Stella Hargrove, Circuit Court
> HONORABLE STELLA HARGROVE,
> CIRCUIT JUDGE

APPROVED FOR ENTRY:

**For the State of Tennessee:**

/s/ Daniel J. Runde
Daniel J. Runde, Asst. D.A.

**For the Defendant:**

/s/ John Colley
John S. Colley, III

In *State v. Kristen A. Wilson*, No. M2008-01243-CCA-R3-CD, 2010 WL 457499, (Tenn. Crim. App. at Nashville, filed Feb. 10, 2010) *perm. to app. denied* (Tenn. Oct. 20, 2010), this court dismissed the appeal by the defendant in a case with remarkably similar

-4-

facts.  The defendant in *Wilson* pled guilty to DUI *per se* pursuant to a negotiated plea agreement in which the parties clearly intended to reserve a certified question of law for appeal.  An "Agreed Order Certifying Question of Law" was entered on the same day as the judgment of conviction for DUI *per se*.  The agreed order contained all of the required information for reserving a certified question of law for appeal.  However, the judgment did not contain a statement of the certified question of law, nor did it refer to the "Agreed Order" containing the necessary information.  Similar to the case *sub judice*, in the *Wilson* judgment's section entitled "special conditions" there was a handwritten notation that "Judgment and sentence stayed pending certified question with consent of court and state."

The requirements first set forth in *Preston* and subsequently added to Tennessee Rule of Criminal Procedure 37(b)(2) are jurisdictional.  *State v. Boyd*, 51 S.W.3d 206, 211 (Tenn. Crim. App. 2000).  Thus we lack jurisdiction to hear the appeal in cases such as *Wilson* and the case *sub judice* when all of the mandatory requirements are not meticulously met.  "Substantial compliance" is not sufficient to confer jurisdiction.  *Armstrong*, 126 S.W.3d at 912.  Accordingly, this appeal must be dismissed.

## CONCLUSION

For the reasons stated herein, this appeal is dismissed.

_____
THOMAS T. WOODALL, JUDGE