# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs November 15, 2011 at Knoxville

## STATE OF TENNESSEE v. JEFFREY I. PARSONS

**Appeal from the Circuit Court for Wilson County**
**No. 09-CR-232     John D. Wootten, Jr., Judge**

---

**No. M2011-00188-CCA-R3-CD - Filed February 1, 2012**

---

Following the Wilson County Circuit Court's denial of his motion to suppress, the defendant, Jeffrey I. Parsons, pleaded guilty to one count of driving under the influence of an intoxicant (DUI), first offense, *see* T.C.A. §§ 55-10-401 (2006), seeking to reserve a certified question of law concerning the legality of the stop leading to his arrest. Because the certified question was not properly reserved for review, we dismiss the appeal.

**Tenn. R. App. P. 3; Appeal Dismissed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Paul Julius Walwyn, Madison, Tennessee, for the appellant, Jeffrey I. Parsons.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Linda Walls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In the early morning hours of August 17, 2008, Tennessee Highway Patrol Trooper Chad Bilbrey was patrolling Interstate 40 in Wilson County when he observed the defendant having "difficulty maintaining his lane of traffic." Although the defendant did not drive at an excessive speed, Trooper Bilbrey observed the defendant's "crossing the painted lines" on at least one occasion before Trooper Bilbrey activated his dashboard camera. After activating the camera, Trooper Bilbrey saw the defendant touch the center line once and then make an "indecisive lane transition" during which the defendant swerved from one lane and returned quickly to the other lane. After viewing this, Trooper Bilbrey activated his blue lights and stopped the defendant's vehicle based upon his suspicion that the driver was either

impaired or fatigued.

The defendant claimed he was lost at the time of the stop, having missed the Interstate 24 split in Nashville. He, however, did not realize that he had missed the interstate change until reaching Exit 238 in Wilson County.

Citing *State v. Binette*, 33 S.W.3d 215, 217 (Tenn. 2000), the defendant argued that the videotape of Trooper Bilbrey's pursuit did not provide reasonable suspicion to justify the stop. The State argued that Trooper Bilbrey's testimony and the videotape supported the stop. The trial court accredited the testimony of Trooper Bilbrey and found that the defendant crossed or touched the center line at least twice before ultimately "mov[ing] all the way over into another lane and then all the way back." The trial court ruled that the totality of the circumstances provided reasonable suspicion justifying the stop of the defendant's vehicle and denied the motion to suppress.[1]

On December 6, 2010, the defendant pleaded guilty to DUI, first offense.[2] On December 14, 2010, the trial court entered a judgment sentencing the defendant to eleven months and twenty-nine days suspended after the service of 48 hours in jail. The special conditions portion of the judgment form indicates that the defendant pleaded guilty pursuant to Rule 37(b), seeking to reserve a certified question of law:

> Whether the trial court erred when it denied defendant's motion to suppress evidence, including [the] video tape of the 8-17-08 traffic stop and Trooper Bilbrey's testimony regarding the same, on the grounds that Trooper Bilbrey lack[ed] sufficient reasonable suspicion supported by specific and articulable facts to initiate the stop as required by the Fourth Amendment to the Constitution of the United States and by article I section 7 of the Tennessee Constitution?

The notation further indicates that "the State and Judge agree this question is dispositive." The judgment does not indicate that the defendant agreed that the question was dispositive, nor does it include the signature of the defendant's attorney. Likewise, the judgment does not indicate that the question was reserved with the consent of the trial court and the State.

---

[1] We note that the record does not contain a written order setting forth the trial court's factual findings and rulings concerning the motion to suppress.

[2] The transcript of the guilty plea submission hearing is absent from the record.

On appeal, the defendant argues that the arresting officer lacked reasonable suspicion upon which to stop the defendant. The State argues that the question has not been properly certified and urges this court to dismiss the appeal.

Reserving a certified question of law for appellate review is governed by Rule 37(b) of the Tennessee Rules of Criminal Procedure, which provides,

> The defendant or the [S]tate may appeal any order or judgment in a criminal proceeding when the law provides for such appeal. The defendant may appeal from any judgment of conviction:
>
> . . . .
>
> (2) on a plea of guilty or nolo contendere, if:
>
> (A) the defendant entered into a plea agreement under Rule 11(a)(3) but explicitly reserved – with the consent of the [S]tate and of the court – the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
>
> (i) the judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;
>
> (ii) the question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (iii) the judgment or document reflects that the certified question was expressly reserved with the consent of the [S]tate and the trial court; and
>
> (iv) the judgment or document reflects that the defendant, the [S]tate, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R.Crim. P. 37(b)(2)(A)(i) - (iv).

As in any other appeal before this court, our first concern is whether this court

is authorized to hear the case. Jurisdiction to hear a direct appeal following a guilty plea generally must be predicated upon the provisions for reserving a certified question of law. "Appeals of certified questions of law run counter to the general rule that a defendant enjoys no right of appeal following a guilty plea." *State v. Festus Babundo*, No. E2005-02490-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, May 26, 2006); *compare* Tenn. R. Crim. P. 37(b)(1) with *id.* 37(b)(2).

Because of the dispensatory nature of a certified question appeal, our supreme court firmly rejected a rule of substantial compliance, *see State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003), and instead demanded strict adherence to Rule 37(b), as that rule has been amplified by the court itself. In *State v. Pendergrass*, our supreme court "emphasized" that

> [r]egardless of what appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal *must contain a statement of the dispositive certified question of law reserved* by defendant for appellate review[,] and the question of law must be *stated so as to clearly identify the scope and the limits of the legal issue reserved. . . .* Also, the order must state that the certified question was expressly reserved as part of the plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

*State v. Pendergrass*, 937 S.W.2d 834, 836-37 (Tenn. 1996) (quoting *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988)) (emphasis supplied in *Pendergrass* ); *see State v. Lillie Fran Ferguson*, No. W2000-01687-CCA-R3-CD, slip op. at 4-5 (Tenn. Crim. App., Jackson, Apr. 27, 2001) (lamenting general, widespread failure to comply with *Preston-Pendergrass* and citing cases in which court of criminal appeals has dismissed certified-question appeals).

This court has said that, given the mandate for strict compliance, ineffectual certified question appeals continue to "add [ ] to the growing heap of appellate fatalities that have resulted when would-be appellants failed to heed the *Preston-Pendergrass* litany of

requirements for certified-question appeals." *See State v. Carl F. Neer*, No. E2000-02791-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Knoxville, Oct. 8, 2001). We acknowledge that the question is clearly identified in the judgment, *see* Tenn. R. Crim. P. 37(b)(2)(A)(i); nevertheless, the present case must be tossed onto this heap.

First, the judgment does not reflect that the certified question was reserved with the consent of the State and the trial court. *See id*. at 37(b)(2)(A)(iii). Second, the judgment, which bears no approving signature of the defendant's attorney, does not indicate that *both* parties and the trial court are of the opinion that the certified question is dispositive of the case. *See id.* at 37(b)(2)(A)(iv).

Rule 37 requires that "the judgment or [other document to which such judgment refers that is filed before the notice of appeal] reflect [ ] that the certified question was expressly reserved with the consent of the state and the trial court." *Id.* at 37(b)(2)(A)(iii); *State v. Michael R. King*, M2006-01932-CCA-R3-CD, slip op. at 4-5 (Tenn. Crim. App., Nashville, Sept. 28, 2007); *State v. Scott Eric McDonald*, No. E2006-02568-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, Dec. 20, 2007) (requirements not met when there is no explicit "mention [on the judgment] that the State and the trial court consented to the reservation or that they agreed that the question was dispositive"). Furthermore, the "judgment or document [must] reflect that the defendant, the [S]tate, and the trial court are of the opinion that the certified question is dispositive of the case." *Id.* at 37(b)(2)(A)(iv). Although a Rule 37(b) appeal may be advanced when the otherwise nonconforming judgment incorporates by reference an existing document that satisfies the terms of the *Preston-Pendergrass* rule, *see, e.g.*, *State v. Chance Coy Herron*, No. M2004-00553-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Nashville, Dec. 1, 2004), the judgment under review incorporated nothing. Thus, the defendant's attempt to reserve a certified question failed.

Because compliance with the requirements for a certified-question appeal is a predicate to the appellate court's *jurisdiction* in a guilty-pleaded case, *see Preston*, 759 S.W.2d at 650, we must dismiss the present appeal.

_____
JAMES CURWOOD WITT, JR., JUDGE