IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
November 14, 2002 Session

## STATE OF TENNESSEE v. MICHAEL ARMSTRONG

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. 00-00933      John P. Colton, Judge**

---

**No. W2001-01300-SC-R11-CD - Filed February 5, 2003**

---

We granted this appeal to determine whether a trial court's entry of an order of correction filed after the entry of the final judgment satisfied the requirements for the defendant to appeal a certified question of law pursuant to Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure. The Court of Criminal Appeals concluded that neither the order nor the final judgment met the requirements for appealing a certified question of law set forth in State v. Preston, 759 S.W.2d 647 (Tenn. 1988), and dismissed the appeal. After reviewing the record, we conclude that the trial court's order of correction under Rule 36 of the Tennessee Rules of Criminal Procedure was entered while the trial court had jurisdiction before the filing of a notice of appeal and therefore complied with the prerequisites for raising a certified question of law on appeal under the circumstances of this case. Accordingly, we reverse the judgment and remand for the Court of Criminal Appeals to address the merits of the appeal.

**Tenn. R. App. P. 11  Appeal by Permission; Judgment of the Court of Criminal Appeals**
**Reversed and Remanded to the Court of Criminal Appeals**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

A. C. Wharton, Jr., Shelby County Public Defender; W. Mark Ward, Assistant Shelby County Public Defender; William W. Heaton and Deborah Brandon, Memphis, Tennessee, for the appellant, Michael Armstrong.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Braden H. Boucek, Assistant Attorney General; William L. Gibbons, District Attorney General; and Steve Hall, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

**Background**

The defendant, Michael Armstrong, was indicted on February 3, 2000, by the Shelby County Grand Jury for the offense of operating a motor vehicle after having been found a habitual motor vehicle offender.[1] The defendant thereafter filed a motion in the trial court seeking to suppress his oral statement of admission of driving a motor vehicle that he had made to a police officer. The motion alleged that the admission was made during a custodial interrogation by the police officer in the absence of Miranda[2] warnings. The trial court conducted a hearing on the motion to suppress and found that the defendant was not in custody when the oral admission was made and therefore Miranda warnings were not required. Accordingly, the court denied the motion.

Sometime later, the defendant negotiated a plea agreement whereby he pleaded nolo contendere to the offense in return for a one-year suspended sentence and one year of probation conditioned on reserving the right to appeal a certified question of law on the trial court's ruling on the motion to suppress. The transcript of the guilty plea hearing on May 22, 2001, clearly reflects that the trial court, the State and the defendant agreed that the plea of nolo contendere was conditioned on reserving the appeal of a certified question of law, and that the issue was dispositive of the case.

Unfortunately, the negotiated plea agreement forms contain no reference to the certified question of law. In addition, on May 22, 2001, the trial court entered a standardized form final judgment that stated the terms of the plea but did not contain the certified question of law or mention the defendant's intent to pursue an appeal of a certified question of law. On the contrary, the standardized form final judgment waived any appeal. The trial judge, on the same day, however, agreed to appoint the public defender to perfect the appeal of the certified question of law. Two days later, on May 24, 2001, the trial court entered an "Order Allowing Appeal After Guilty Plea on Certified Question of Law." The order of correction, which was entered nunc pro tunc to May 22, 2001, stated that "it was the intent of this [c]ourt and the defendant to allow the defendant to appeal a certified question of law pursuant to Tenn. R. Crim. P. 37(b)(2)(i)" and that the defendant "reserved with the consent of the state and the court the right to appeal a certified question of law that is dispositive of the case."[3] The order also stated:

> The . . . certified question was expressly reserved by the defendant for
> appellate review and the [c]ourt and the prosecutor are of the opinion
> that the question is dispositive of the case.

_____

[1] See Tenn. Code Ann. § 55-1-616 (1998).

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

[3] The stated issue was "[w]hether the trial judge erred in refusing to suppress [the defendant's] incriminating statements given to Memphis Police officers on April 20, 1999, in which the defendant admitted driving an automobile because said statements were taken in violation of the Fifth Amendment privilege against self-incrimination, the requirements of Miranda v. Arizona, and were involuntary in violation of the [Fourteenth] Amendment."

> IT IS HEREBY ORDERED that the defendant . . . be allowed to
> appeal the foregoing certified question of law pursuant to Tenn. R.
> Crim. P. 37(b)(2)(i), and that the Shelby County Public Defender be
> appointed to perfect said appeal.

The Court of Criminal Appeals dismissed the appeal after finding that the final judgment, which was entered on May 22, 2001, did not include a statement of the certified question of law for appeal as required by State v. Preston, 759 S.W.2d 647 (Tenn. 1988), and did not refer to any other document that contained a statement of the certified question of law. The court further concluded that the trial court's later order of correction, which was entered nunc pro tunc two days later on May 24, 2001, was insufficient to satisfy the requirements in Preston.

The defendant concedes that the form final judgment of May 22, 2001, did not contain a statement of the certified question of law for appeal, but he argues that the order of correction entered on May 24, 2001, contained all of the components for appealing a certified question of law following a nolo contendere plea and therefore substantially complied with the requirements in Preston. The defendant further argues that the requirements established in Preston are not jurisdictional and should be construed in favor of reaching the merits of an appeal. The State responds that this Court has not and should not adopt a "substantial compliance" standard and that the Court of Criminal Appeals properly dismissed the appeal under the well-established prerequisites in Preston.

We granted the appeal to review these issues.

## Analysis

The Tennessee Rules of Criminal Procedure, which, for the first time, authorized a criminal defendant to both plead guilty and appeal a certified question of law, were adopted in July of 1978. In general, an appeal may be pursued after a plea of guilty or nolo contendere if the defendant has entered into a plea agreement under Rule 11(e) of the Tennessee Rules of Criminal Procedure and has "explicitly reserved with the consent of the state and of the [trial] court the right to appeal a certified question of law that is dispositive of the case . . . ." Tenn. R. Crim. P. 37(b)(2)(i).

In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), this Court provided detailed guidance on seeking appellate review of a certified question of law pursuant to Rule 37 by establishing several prerequisites. We stated that "the final order or judgment from which the time begins to run to pursue . . . [an] appeal must contain a statement of the dispositive certified question of law reserved . . . for appellate review" and that "the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved." Id. at 650. Moreover, we emphasized that

> the order must state that the certified question was expressly reserved
> as part of a plea agreement, that the State and the trial judge
> consented to the reservation and that the State and the trial judge are

of the opinion that the question is dispositive of the case. Of course, the burden is on the defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified.

Id.[4]

The Preston prerequisites have been strictly construed. In State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996), for example, the final judgment forms did not contain a dispositive certified question of law or make reference to the defendant's intent to appeal any such question. Id. at 835. After the defendant filed a notice of appeal, however, the trial court entered an order stating that the defendant intended to appeal a certified question of law pursuant to Rule 37, and that the issue to be appealed was dispositive of the case. See id. at 835-36. The Court of Criminal Appeals determined that the initial judgment forms failed to satisfy the requirements for appealing a certified question of law but that the trial court's later order constituted substantial compliance with Preston. See id. at 836.

We reversed the Court of Criminal Appeals' judgment. Like the intermediate court, we concluded that the judgment forms failed to comply with the "explicit and unambiguous" requirements in Preston:

> [T]he three . . . final judgments in this case, from which the time for a Tenn. R. App. P. 3 appeal began to run, make no reference at all to a reservation of a dispositive question of law for appellate review. Moreover, the judgments do not contain an identification of the scope and limits of the legal issue reserved as required. Nor do the judgments contain any statement in satisfaction of the reservation requirements, nor do they contain any statement that the question is dispositive, all explicitly required by Preston. Finally, these judgments do not refer to or incorporate any other independent document which would satisfy the Preston requirements.

Id. at 837. We, however, further held that the trial court's later order did not comply with the Preston requirements because it was entered after the defendant had filed a notice of appeal when the trial court no longer had jurisdiction to correct omissions or errors in the judgments. We did,

---

[4] The appellant asserts that these requirements are inconsistent with the rules of procedure that favor a decision on the merits. See Tenn. R. Crim. P. 2; Tenn. R. App. P. 2. We disagree. The decision in Preston was intended to establish a simple, uniform method by which certified questions may be pursued on appeal. See Preston, 759 S.W.2d at 650. Indeed, when Preston was decided, Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure contained no guidance or procedures for raising such appeals. In contrast, the present form of Rule 37, which became effective on July 1, 2002, now contains the explicit Preston requirements.

-4-

however, recognize that the trial court has the power to correct the final judgment under the authority of Rule 36 of the Tennessee Rules of Criminal Procedure when the court has jurisdiction to do so. See id. at 837-38. Accordingly, we dismissed the appeal.

Two years later, we considered a similar case in which the trial court's effort to correct the final judgment to have it conform to the Preston requirements occurred after the court lost jurisdiction. In State v. Irwin, 962 S.W.2d 477 (Tenn. 1998), the trial court failed to enter a final judgment after accepting the defendant's guilty plea. After the filing of a notice of appeal, the trial court entered an "Amended Order Accepting Plea of Guilty," which contained a reference to a certified question of law. We dismissed the appeal because the certified question of law was not stated in a final judgment order as required by Preston and the order of correction was entered after the filing of a notice of appeal when the trial court no longer had jurisdiction. Id. at 478-79.

Accordingly, our prior decisions demonstrate that we have never applied a substantial compliance standard to the Preston requirements as urged by the defendant in this case. To the contrary, we have described the requirements in Preston for appealing a certified question of law under Rule 37 of the Tennessee Rules of Criminal Procedure as "explicit and unambiguous." Id. at 479; id. at 837. Moreover, we agree with the State that a substantial compliance standard would be very difficult to apply in a consistent and uniform manner, and therefore would conflict with the very purpose of Preston. We therefore reject the defendant's argument that substantial compliance with the requirements set forth in Preston is all that is necessary in order to appeal a certified question of law.

One prior decision does reflect, however, that a trial court is not without the means or the authority by which to take corrective action when it appears that a final judgment or order does not comply with the Preston requirements. As we pointed out in Pendergrass, "the trial court retains limited power to correct clerical mistakes in judgments and other errors in the record arising from oversight or omission." Id. at 837 (citing Tenn. R. Crim. P. 36)[5]. The curative measures taken by the trial courts to comply with the Preston requirements in both Pendergrass and Irwin occurred after the notice of appeal had been filed; thus, the trial courts in those cases no longer had jurisdiction. See Pendergrass, 937 S.W.2d at 836-837; Irwin, 962 S.W.2d at 479.

In the present case, the trial court filed a corrective order nunc pro tunc two days after the final judgment was entered and before the defendant's filing of a notice of appeal. Unlike Pendergrass and Irwin, therefore, the remedial action was taken while the trial court maintained jurisdiction over the case. Moreover, the corrective order entered by the trial court complied with all of the Preston requirements: it identified the question of law certified for appeal; it stated that the question had been reserved for appeal following the defendant's nolo contendere plea; and it stated that the issue was dispositive of the case. See Preston, 759 S.W.2d at 650. Although the final

---

[5] "Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Tenn. R. Crim. P. 36.

judgment itself did not make reference to a certified question of law, the corrective order was filed nunc pro tunc to May 22, 2001, *i.e.*, the date the final judgments were entered while the trial court had jurisdiction in the case to correct omissions or deficiencies in the record under Rule 36 of the Tennessee Rules of Criminal Procedure. Similarly, while as a matter of form any order which seeks to correct omissions or deficiencies in the judgment under Rule 36 of the Tennessee Rules of Criminal Procedure should be labeled an "amendment" of the judgment, we must look to the substance of the trial court's curative action. Accordingly, the circumstances of this case demonstrate that the requirements of <u>Preston</u> were met and that the defendant properly reserved a certified question of law for appeal.

## **Conclusion**

After reviewing the record, we conclude that the trial court's corrective <u>nunc</u> <u>pro</u> <u>tunc</u> order entered after the final judgment while the trial court had jurisdiction and before the filing of a notice of appeal under Rule 36 of the Tennessee Rules of Criminal Procedure complied in all respects with the prerequisites for raising a certified question of law on appeal pursuant to Rule 37 of the Tennessee Rules of Criminal Procedure under the circumstances of this case. Accordingly, we reverse the judgment and remand for the Court of Criminal Appeals to address the merits of the appeal. Costs of this appeal are taxed to the State of Tennessee.

_____<br>
E. RILEY ANDERSON, JUSTICE

-6-

# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. MICHAEL ARMSTRONG

**Criminal Court for Shelby County**
**No. 00-00933      John P. Colton, Judge**

_____

**No. W2001-01300-SC-R11-CD - Filed February 5, 2003**

_____

### JUDGMENT

This cause came to be heard upon the entire record from the Court of Criminal Appeals, application for permission to appeal having been heretofore granted, and briefs and argument of counsel; and upon consideration thereof, this Court is of the opinion that the trial court's corrective <u>nunc</u> <u>pro</u> <u>tunc</u> order entered after the final judgment while the trial court had jurisdiction and before the filing of a notice of appeal under Rule 36 of the Tennessee Rules of Criminal Procedure complied in all respects with the prerequisites for raising a certified question of law on appeal pursuant to Rule 37 of the Tennessee Rules of Criminal Procedure under the circumstances of this case.

In accordance with the opinion filed herein, it is therefore ORDERED that the judgment of the Court of Criminal Appeals is reversed and the case remanded for the Court of Criminal Appeals to address the merits of the appeal. Costs of this appeal are taxed to the State of Tennessee.