# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
September 21, 2004 Session

## STATE OF TENNESSEE v. MELISSA A. SIMMONS

**Direct Appeal from the Criminal Court for Putnam County**
**No. 03-0180    Leon Burns, Judge**

---

**No. M2003-03064-CCA-R3-CD - Filed Februray 23, 2005**

---

The Defendant, Melissa Simmons, pled guilty to driving under the influence, first offense, a Class A misdemeanor.  As part of the plea agreement, she intended to reserve the right to appeal a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i).  Because the judgment form failed to comply with the strict requirements of Rule 37(b)(2), Defendant did not properly reserve a certified issue for review.  As a result, we are without jurisdiction to review the merits of Defendant's claim, and accordingly dismiss her appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

William A. Cameron, Cookeville, Tennessee, for the appellant, Melissa A. Simmons.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; William Edward Gibson, District Attorney General; and Thomas Tansil, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

On December 1, 2002, pursuant to an investigation into an alleged domestic disturbance, a Cookeville police officer stopped the car Defendant was driving.  The officer subsequently determined that Defendant was intoxicated and placed her under arrest for driving under the influence (DUI).  The Putnam County Grand Jury returned an indictment charging Defendant with DUI.  Defendant filed a motion to suppress all evidence obtained as a result of the stop, claiming that the officer's stop was in violation of her constitutional rights.  The trial court overruled Defendant's motion after hearing testimony from the arresting officer and the arguments of counsel.

We note the following procedural history of this case from the technical record.  On September 5, 2003, Defendant executed a standard "Plea of Guilty and Waivers of Jury Trial and of

Appeal" to DUI first offense. This document was signed by Judge Lillie Ann Sells, as well as by Defendant, her counsel, and an assistant district attorney. The document, insofar as it pertains to a certified question of law on appeal, has a handwritten notation of "Reserves Issue of Stop Motion for appeal." Also on September 5, 2003, an order was signed by Judge Sells and filed with the clerk, stating that the Defendant reserves "the issue of whether the officer had a right to stop the vehicle and had specific and articulable facts in order to pull the vehicle that the Defendant was in over and conduct an investigation which led to the arrest of the Defendant." The order reflects that Defendant "entered a plea of guilty to" DUI. The order reflects that the "parties" agreed that the suppression issue was dispositive of the case. However, no judgment is in the record reflecting a guilty plea on September 5, 2003.

The next document in the technical record is an order signed by Judge Leon C. Burns, Jr., which was filed November 7, 2003. Judge Burns had previously denied the motion to suppress filed on behalf of Defendant. The November 7, 2003, order contains the following language:

> The Defendant accepts [sic] the overruling of the Motion to Suppress and the State of Tennessee agrees that had the Motion to Suppress been granted the State would have had to dismiss the case there being insufficient evidence to sustain a conviction and that if the Motion to Suppress had been granted it would have been dispositive of the case in the Defendant's favor. Thereafter, the Defendant entered a plea of guilty reserving the right to contest the ruling on the Motion to Suppress in the Criminal Court of Appeals for the Middle District of Tennessee.

Another standard form, "Plea of Guilty and Waivers of Jury Trial and of Appeal" was executed and filed on November 7, 2003. This document was signed by Defendant, her counsel, the assistant district attorney, and Judge Burns and included a handwritten notation: "Reservation of Right to appeal on Stop issue." Subsequently, a judgment was signed by the judge and the assistant district attorney general with an indication that the date of entry of the judgment was "11/14/03." However, this document was not filed by the court clerk until November 18, 2003. The judgment reflects that Defendant pled guilty to DUI on November 7, 2003 and received a sentence of eleven months and twenty-nine days in the Putnam County Jail, with all suspended but forty-eight hours, and probation to be served for the balance of the sentence. The guilty plea agreement encompassed the offense to which Defendant was pleading guilty and the entire punishment. Therefore, it was a plea pursuant to Rule 11(e)(1)(C) of the Tennessee Rules of Criminal Procedure. Under the "special conditions" portion of the judgment, it states that "[t]he balance of sentence is suspended on payment of fine and costs and completion of Alcohol Safety Education Program. Her driver's license is suspended for one (1) year." There is no mention anywhere on the judgment that this was a guilty plea reserving the right to appeal a certified question of law. There is nothing in the judgment which refers to or incorporates either the order entered and signed by Judge Sells on September 5, 2003 or the order signed by Judge Burns and filed November 7, 2003.

While the transcript of the suppression motion is included in the record, the transcript of the guilty plea submission hearing is not in the record.

-2-

In *State v. Preston*, 759 S.W.2d 647 (Tenn. 1988), the Supreme Court of Tennessee mandated certain specific requirements for certified questions of law to be pursued on appeal following a guilty plea. Thus, *Preston* was filed approximately fifteen years prior to Defendant's guilty plea in November 2003. In addition, effective July 1, 2002, Rule 37 of the Tennessee Rules of Criminal Procedure was amended in subsection (b) to specifically set forth the *Preston* requirements.

Thus, at the time of Defendant's plea of guilty, Rule 37 of the Tennessee Rules of Criminal Procedure provided in part as follows:

> **Rule 37. Appeal.**— (a) Definition of an Appeal. — Direct appellate review available as a matter of right is herein called an appeal and embraces appeals in the nature of writs of error and all other direct appeals in criminal cases.
>
> (b) When an Appeal Lies. — An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:
>
>     (1) Upon a plea of guilty; or
>
>     (2) **Upon a plea of guilty** or nolo contendere if:
>
>     (i) The defendant entered into a plea agreement under Rule 11(e) but explicitly reserved **with the consent** of the state and **of the court** the **right to appeal a certified question of law that is dispositive of the case**, and the following requirements are met:
>
>     (A) the **judgment of conviction, or other document to which such judgment refers** that is filed before the notice of appeal, **must contain a statement of the certified question of law reserved by defendant for appellate review**;
>
>     (B) **the question of law must be stated in the judgment or document** so as to **identify clearly** the **scope** and **limits** of the legal issue reserved;
>
>     (C) the **judgment** or **document must reflect** that the certified question was expressly reserved **with the consent of** the state and **the trial judge**; and
>
>     (D) the judgment or document must reflect that the defendant, the state, **and the trial judge** are of the opinion that the certified question is **dispositive of the case**; or

Tenn. R. Crim. P. 37(b)(2) (emphasis added).

As stated above, nothing in the judgment of conviction from which Defendant appeals complies with any of the *Preston* requirements as set forth in Rule 37(b). The only possible language in the order entered on November 7, 2003, which could even arguably be a "statement of the certified question of law reserved by Defendant for appellate review" which might "identify clearly the scope and limit of the legal issue reserved" is the following:

Come the parties . . . and would state that on July 9, 2003 a motion was filed for the Defendant attacking the stop made by the prosecutor [sic] in this case of the Defendant without specific or articulable facts sufficient to warrant a warrantless stop of the Defendant and the subsequent investigation into her sobriety.

We need not make a determination, however, whether this statement meets the requirements of *Preston* and Rule 37(b), because neither the judgment of conviction nor the order previously entered at the time of the guilty plea specifically reflects that Defendant had the consent of the court to appeal a certified question of law that is dispositive of the case. While the consent of the State is evident, there is nothing at all in any of the documents to show that the certified question was "expressly reserved with the consent of . . . the trial judge" or that "the trial judge [is] of the opinion that the certified question is dispositive of the case." Tenn. R. Crim. P. 37(b)(2)(i)(C) and (D).

The case *sub judice* is not a situation like that found in *State v. Armstrong*, 126 S.W.3d 908 (Tenn. 2003). In *Armstrong*, a judgment which was deficient under *Preston* standards was corrected by a subsequently filed *nunc pro tunc* order which was entered prior to the notice of appeal being filed, and therefore, within the time period that the trial court still had jurisdiction to correct any errors.

In the case *sub judice*, the order and judgment were both filed prior to the notice of appeal, but the deficiencies in the *Preston* requirements have never been corrected, and cannot be done so now by the trial court.

Accordingly, this Court has no choice other than to dismiss this appeal.

## CONCLUSION

Based upon the foregoing, this appeal is dismissed.

_____
THOMAS T. WOODALL, JUDGE

-4-