IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 27, 2005 Session

## STATE OF TENNESSEE v. PATRICIA ANN STARKEY, Alias

**Direct Appeal from the Criminal Court for Knox County**
**No. 76046     Mary Beth Leibowitz, Judge**

——————————————

**No. E2004-02696-CCA-R3-CD - Filed November 10, 2005**

——————————————

The defendant, Patricia Ann Starkey, pled guilty in the Knox County Criminal Court to DUI, a Class A misdemeanor, and was sentenced to eleven months, twenty-nine days in the county jail with all but seven days suspended.  As a condition of her guilty plea, she sought to reserve as a certified question of law whether the trial court erred in denying the evidence obtained as the result of her allegedly unlawful arrest.  However, upon review of the record, we conclude that the defendant failed to properly preserve a question of law.  Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Mike Whalen, Knoxville, Tennessee, for the appellant, Patricia Ann Starkey, alias.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Al Schmutzer, District Attorney General Pro Tem; and Patricia Cristil and Steven R. Hawkins, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On September 21, 2001, the intoxicated defendant rear-ended a vehicle that was stopped at a red light at a Knoxville intersection.  The defendant got out of her vehicle, approached the other driver, told him six to eight times that she had a driver's license, and then got back in her vehicle and left the scene, striking three more vehicles and a fence as she departed.  Knoxville Police Officer John Ferguson, acting on information provided by eyewitnesses, tracked the defendant to her home a short time later.  The defendant had a bloody lip, smelled strongly of alcohol, and was so unsteady on her feet that the ambulance attendants that Officer Ferguson called to her home had to help her walk down the steps to the ambulance.  In response to the officer's request, the ambulance attendants

stopped briefly by the accident scene en route to the hospital so that the eyewitnesses could identify the defendant. They then continued to the hospital, where a blood sample was drawn from the defendant and Knoxville Police Officer Lee Shaw issued her a misdemeanor citation for driving under the influence and failure to report an accident.

On November 19, 2002, the Knox County Grand Jury indicted the defendant on two counts of DUI, in violation of Tennessee Code Annotated section 55-10-401.[1] The defendant subsequently filed a motion to suppress "any and all evidence obtained after the unreasonable and unwarranted arrest of [the defendant]." At the suppression hearing, Officers Ferguson and Shaw each described his respective role in the investigation of the accident. Officer Ferguson explained that he called for an ambulance because he believed the defendant needed immediate medical treatment and knew that the detention center would not accept her with a bleeding mouth. Officer Shaw testified that the defendant agreed to voluntarily submit a blood sample for testing and that neither he nor Officer Ferguson ever arrested the defendant.

At the conclusion of the hearing, the trial court overruled the motion to suppress, finding that Officer Ferguson had reasonable grounds to place the defendant in the ambulance based on her condition; that she had never been placed under arrest; and that she had voluntarily submitted to having her blood drawn at the hospital. Thereafter, the defendant pled guilty to one count of DUI in exchange for an eleven-month-twenty-nine-day sentence with all but seven days suspended and the balance to be served on supervised probation. The trial court merged the second count of the indictment into the first and, upon request of defense counsel, stayed service of the sentence pending appeal.

## ANALYSIS

The defendant contends that the trial court erred in denying her motion to suppress evidence obtained as the result of her allegedly unlawful arrest. The State responds by arguing that this court has no jurisdiction to consider the suppression issue because the defendant failed to properly preserve a certified question of law for appeal. We agree with the State.

Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure provides that an appeal lies from any judgment of conviction upon a plea of guilty or nolo contendere if:

> (i) [T]he defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

---

[1] One count of the indictment charged the defendant with operating a vehicle while under the influence of an intoxicant, and the other count charged her with operating a vehicle at a time when the alcohol concentration in her breath was thirty hundredths of one percent (.30%).

(A) the judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;

(B) the question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

(C) the judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and

(D) the judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(i). Additionally, in State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our supreme court emphasized that the burden is on the defendant to ensure that the conditions for properly preserving an issue of law pursuant to Rule 37 have been met:

This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv). Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. . . . Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

Id. at 650.

The transcript of the guilty plea hearing reflects that the parties were clearly in agreement that the defendant's guilty plea was contingent upon her right to appeal a certified question of law, which was stated on her guilty plea agreement as follows: "Reserving the following Issue for Appeal: Whether [the defendant] was unlawfully seized when she was removed from her home and returned to the scene for an identification at the scene and then taken to the hospital for a blood test all against her express will." With respect to this issue, however, the judgment form states only that "[t]he Court hereby stays serving of sentence pending appeal." Nowhere on the judgment is there any kind of recitation of the issue to be reserved for appeal, or a statement that the trial court and the State

-3-

consented to the reservation of the issue and agreed that it was dispositive of the case. The judgment form also fails to reference any other document that satisfies the <u>Preston</u> requirements.

In <u>State v. Armstrong</u>, 126 S.W.3d 908, 912 (Tenn. 2003), our supreme court concluded that a trial court's remedial action to correct deficiencies in an original judgment was sufficient to satisfy the <u>Preston</u> requirements when the trial court's corrective order was entered before the notice of appeal was filed and, thus, while the trial court maintained jurisdiction over the case. In the case at bar, the defendant's notice of appeal contains a recitation of the issue that she sought to reserve, but there is nothing in the record to reflect that any corrective order, satisfying the <u>Preston</u> requirements, was entered before the notice of appeal was filed. Under such circumstances, we must conclude that the defendant did not meet the requirements for properly certifying a question of law for appeal. Accordingly, we dismiss the appeal.

## CONCLUSION

We conclude that the defendant has failed to satisfy the mandatory requirements for certifying a question of law for appeal pursuant to Tennessee Rule of Criminal Procedure 37(b)(2). Accordingly, we dismiss the appeal.

_____
ALAN E. GLENN, JUDGE