# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### July 10, 2012 Session

## STATE OF TENNESSEE v. CHARLES GEPHART

**Appeal from the Criminal Court for Shelby County**
**No. 11-00498    Carolyn Wade Blackett, Judge**

---

**No. W2011-02225-CCA-R3-CD  - Filed January 16, 2013**

---

The defendant pled guilty to one count of driving under the influence (first offense), a Class A misdemeanor, while reserving a certified question of law concerning the legality of the traffic stop that led to his arrest.  The defendant was sentenced to eleven months and twenty-nine days, and permitted to serve all but two days of this sentence on probation.  On appeal, the defendant claims that the trial court erred by denying his motion to suppress, claiming that the State failed to prove that the police officer initiating the traffic stop had a reasonable suspicion that the defendant had committed or was about to commit an offense. After carefully reviewing the record and the arguments of the parties, we conclude that the certified question reserved by the defendant did not clearly outline the scope and limits of the question presented as required by existing precedent.  We dismiss the appeal accordingly.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Terry D. Smart and N. Craig Brigtsen, III, Memphis, Tennessee, for the appellant, Charles Gephart.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Amy P. Weirich, District Attorney General; and Charles Bell, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

**FACTS AND PROCEDURAL HISTORY**

On February 1, 2011, the defendant, Charles Gephart, was indicted on one count of driving under the influence in violation of Tennessee Code Annotated section 55-10-401, a Class A misdemeanor, one count of violation of implied consent in violation of Tennessee Code Annotated section 55-10-406, a Class A misdemeanor, and one count of reckless driving in violation of Tennessee Code Annotated section 55-10-205, a Class B misdemeanor. The defendant filed a pretrial motion to suppress any and all evidence obtained as a result of his stop by police. The trial court held a hearing concerning this motion on May 24, 2011, at which the only witness was the defendant's arresting officer.

Lieutenant Keith Watson of the Memphis Police Department testified that he had nineteen years of experience in law enforcement. He testified that during the early morning hours of April 17, 2010, he was generally patrolling an area that included a nightclub called "Senses" when he was instructed by dispatch to travel to that location to investigate a suspicious person. Officer Watson testified that he was aware that there had been previous reports of car thefts, robberies, and attempted rapes in the club's parking lot and the surrounding area.

Officer Watson testified that he attempted to approach "Senses" from the rear of the establishment. Officer Watson testified that as he pulled into the club's parking lot, he saw a vehicle being driven by the defendant (whom he identified in open court) blocking the path to the club's back entrance. Officer Watson testified that the defendant was talking with some individuals who were traveling from the parking lot to the club. Officer Watson testified that he turned on his lights and siren in an effort to get the defendant to move his vehicle. Officer Watson testified that in response, the defendant "took off." When asked to elaborate on what he meant by "took off," Officer Watson explained:

> Pulling from the private lot onto a one way street, being that Walnut Grove section that's going to turn into Union Avenue after several overpasses and mergers, he left the lot in an abrupt manner. He didn't brake. He just entered the traffic. One entering the lane of traffic or the direction of travel that he chose, there's a curve several feet from where he entered and this curve is divided into a left and right, which will be a south – a north and south lane, and he didn't have a defined path and he rode the center of it into the curve.

Officer Watson initially estimated that the defendant traveled down the center of the road for approximately twenty-five feet, at which time he proceeded to stop him.

On cross-examination, Officer Watson testified that he was not sure of the precise distance that the defendant had traveled down the middle of the street, but he testified that it may have been more than twenty-five feet and it was less than one hundred yards. Officer Watson testified that the defendant did not yield to oncoming traffic when he left the club's parking lot. Officer Watson later acknowledged that he could not remember whether he had seen any oncoming traffic in that area that evening. Officer Watson testified that the particular section of road on which the defendant had chosen to drive down the middle contained two lanes and was marked "[o]ne way with a solid yellow line that says do not cross."

After receiving this evidence, the trial court took the issue under advisement. The court later denied the defendant's motion on June 22, 2011. The trial court found as a matter of fact that the defendant drove down the center line of the street (as opposed to in his designated lane) for at least twenty-five feet. The trial court determined that traffic on the street onto which the defendant had just turned was minimal and that nothing prevented the defendant from traveling in his proper lane. The trial court then ruled that Officer Watson's act of witnessing this minor traffic violation provided him with the reasonable suspicion necessary to stop the defendant's vehicle for further investigation.

On June 27, 2011, the defendant filed a motion for interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9, which was granted by the trial court on July 21, 2011. On September 15, 2011, this court denied the defendant's application for interlocutory appeal, noting that "[i]nterlocutory appeals to review pretrial orders are generally disfavored." This court further observed that Rule 9 is intended to "provide[] an avenue for immediate, interlocutory review [only of] those narrow set of issues that may otherwise be lost before final judgment," before ultimately concluding that "there are no issues [in the defendant's application] which require our immediate review."

On October 11, 2011, the defendant entered a conditional guilty plea to driving under the influence (first offense), and the remaining charges against him were dropped as *nolle prosequi*. The defendant was sentenced to eleven months and twenty-nine days, split two days confinement with the balance to be served on probation. The defendant filed a timely notice of appeal of his certified question of law. We proceed to review his appeal.

## ANALYSIS

The defendant's certified question—as preserved in a consent order incorporated by the judgment of the trial court—reads in full:

Did the State of Tennessee meet its burden and establish the lawfulness /

reasonable suspicion under the 4th Amendment to the United States Constitution and Article I, Section 7 of the Tennessee Constitution of the warrant less traffic stop / seizure of the defendant?

However, we cannot proceed to address this question on the merits because, after review, we have concluded that the question as phrased did not clearly outline its scope and limits and is insufficiently specific to satisfy the stringent requirements for preserving a certified question set forth in *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988).

The requirements for properly preserving a certified question have been "strictly construed" by our supreme court, and "the burden is on the defendant to see that these prerequisites are [met]." *State v. Armstrong*, 126 S.W.3d 908, 910 (Tenn. 2003). As our supreme court has explained:

> [W]here questions of law involve the validity of searches and the admissibility of statements and confessions, *etc*., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn. R. Crim. P. 37 have been dismissed because the certified question was not dispositive.

*Preston*, 759 S.W.2d at 650.

The certified question before us deals with the validity of a seizure. However, contrary to *Preston*, the reasons relied upon by the defendant at the suppression hearing have not been identified in the question itself. The record reflects that the defendant argued in the court below that he committed no traffic violation prior to his seizure by police; that "you may straddle a lane or you may cross over a center line does (sic) not amount to reasonable suspicion." The defendant further argued in the court below that the relevant traffic statute, Tennessee Code Annotated section 55-8-123(1), requires only that "a vehicle should be driven as nearly as practical entirely within a single lane" and that "weaving or swerving does not violate that statute." These and similar assertions represent the entirety of the defendant's argument concerning the State's failure to prove reasonable suspicion in the court below, yet the certified question preserved by the defendant fails to detail the

-4-

defendant's driving conduct prior to the stop or to identify any of his arguments concerning the applicability of the specific traffic law that was discussed by the parties in the court below. Tennessee Code Annotated section 55-8-123 is not so much as mentioned in the certified question. Consequently, the defendant has failed to explicitly state the certified question at the level of detail required by *Preston*.

As our supreme court explained in the *Preston* decision itself, the explicit statement requirement is necessary to allow this court to "make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case." *Preston*, 759 S.W.2d at 650. Because the certified question as posed is far too general and vague overall and lacks the arguments relied on by the defendant in the court below, we cannot engage in a meaningful determination of whether our answer to the certified question would be dispositive of the case. We have some reason to entertain doubts on the issue.

Even if this court accepted the defendant's arguments advanced in the court below concerning the proper interpretation of section 55-8-123(1) in relation to the defendant's act of driving down the center of the street prior to his being stopped, there are other grounds on which this court might nonetheless uphold the trial court's conclusion that Officer Watson possessed the reasonable suspicion necessary to conduct a warrantless stop. The defendant advanced no argument in the court below concerning his alleged failure to yield to oncoming traffic as he left the club parking lot, prior to his straddling of the center lane of the following street. This additional traffic violation was attested to by Officer Watson at the suppression hearing and was expressly referenced by the trial court in its written order denying the defendant's motion to suppress. Standing alone, the officer's act of witnessing the defendant's failure to yield might have served to provide the reasonable suspicion necessary to justify the traffic stop at issue under the federal and state constitutions, even if this court were to rule that the defendant was correct that no violation of section 55-8-123(1) had occurred. Consequently, even if the defendant's certified question had been phrased in a sufficiently explicit and detailed manner, its answer might not have been dispositive of the case, as required by *Preston* and related precedent.

In his brief before this court, the defendant does not raise precisely the same arguments on the merits that he advanced in the court below. The defendant's principal arguments are that (1) "a driver is not required to drive perfectly on the highways in order to avoid being stopped by police and subjected to a seizure," and (2) "the Trial Court never found the State met its burden of proof." If the defendant intended to argue either of these slightly more specific points of law on appeal, he once again failed to identify them in a sufficiently explicit fashion in the certified question itself. And although the second of these arguments is sufficiently specific for this court to engage in a meaningful analysis of whether resolution of the issue would be dispositive of the defendant's case, broad terms contained

in a certified question may not be cured by a defendant's narrower assertions in an appellate brief. *See, e.g., State v. Andre Jon Simmons, II*, No. W2011-01004-CCA-R3-CD, 2012 Tenn. Crim. App. LEXIS 472, at *14 (Tenn. Crim. App. June 26, 2012).

## CONCLUSION

For the foregoing reasons, the defendant's appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, JUDGE