# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 25, 2014

## STATE OF TENNESSEE v. LANE LEE COGGINS

**Appeal from the Criminal Court for Cocke County**
**No. 3795     Rex Henry Ogle, Judge**

_____

**No. E2013-01262-CCA-R3-CD - Filed March 6, 2014**

_____

In this appeal, the defendant, Lane Lee Coggins, challenges his Cocke County Criminal Court guilty-pleaded convictions of driving under the influence, *see* T.C.A. § 55-10-401(a), and violating the financial responsibility law, *see id.* § 55-12-139(c), via a certified question of law, *see* Tenn. R. Crim. P. 37(b).  Because the defendant failed to properly reserve the certified question, the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Keith E. Haas, Assistant District Public Defender, for the appellant, Lane Lee Coggins.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; James B. Dunn, District Attorney General; and William Brownlow Marsh, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On May 20, 2013, the defendant, originally charged with driving under the influence ("DUI"), possession of a prohibited weapon, failure to maintain vehicle in one lane of traffic, and violating the financial responsibility law, pleaded guilty to DUI and violation of the financial responsibility law in exchange for a sentence of 11 months and 29 days to be served on probation and dismissal of the remaining charges.

As indicated, the defendant seeks to appeal a dispositive, certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b), which, as is applicable in this

case, provides that a defendant "may appeal from any judgment of conviction . . . on a plea of guilty . . . if . . .the defendant entered into a plea agreement under Rule 11(c) but explicitly reserve[s]-with the consent of the state and of the court-the right to appeal a certified question of law that is dispositive of the case." Tenn. R. Crim. P. 37(b)(2)(A). To perfect an appeal of a certified question under these circumstances, the following requirements must be met:

> (i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

> (ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

> (iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

> (iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case; or, except the judgment or order reserving the certified question need not reflect the state's consent to the appeal or the state's opinion that the question is dispositive.

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv).

As in any other appeal before this court, our first concern is whether this court is authorized to hear the case. Jurisdiction to hear a direct appeal following a guilty plea generally must be predicated upon the provisions for reserving a certified question of law. "Appeals of certified questions of law run counter to the general rule that a defendant enjoys no right of appeal following a guilty plea." *State v. Festus Babundo*, No. E2005-02490-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, May 26, 2006); *compare* Tenn. R. Crim. P. 37(b)(1) *with id.* 37(b)(2). Because of the dispensatory nature of a certified question appeal, our supreme court firmly rejected a rule of substantial compliance, *see State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003), and instead demanded strict adherence to Rule 37(b). *State v. Pendergrass*, 937 S.W.2d 834, 836-37 (Tenn. 1996).

In this case, the defendant filed a motion to suppress "the evidence" on grounds that the arresting officer lacked reasonable suspicion to stop his vehicle. The trial court heard and denied the motion but deemed this "a close case." The defendant pleaded guilty pursuant to a plea agreement with the State and also attempted to reserve the right to appeal a certified question of law. At the plea submission hearing, the prosecutor noted that the parties had "worked out an agreement that he's going to reserve the right to appeal that finding on the motion [to suppress] so he's going to enter a plea agreement today." The court then informed the defendant, "And then you are reserving your right to appeal, which is fine, on what's called a certified question. They may take it or they may not; you understand that?" Defense counsel stated that he intended to "put that language [in] the certified question." The trial court then stated that it "does approve the certified question for appeal." Unfortunately for the defendant, no actual certified question appears in the record.

The written plea agreement states that the defendant "reserves [and] retains the right to appeal the [motion] to suppress the issue of the traffic stop in this case. He will appeal the [court's] ruling on his [motion] to suppress." The agreement also states that "[t]he State and defense agree to certify the question of law on the [motion] to suppress." The judgment form for the conviction of DUI states, in the "Special Conditions" portion, that the "[d]efendant reserves the issue of the court's refusal to grant [d]efendant's motion to suppress with Certified Question of Law." An order filed on the same day as the defendant's entry of his pleas staying service of the defendant's sentence pending appeal contains the following description, "The certified the question of law on the issue of the [motion] to suppress on the stop of [the defendant's] vehicle." In his notice of appeal, the defendant states that he is appealing "the Certified Question of Law stemming from the Motion to Suppress hearing." At no point does any actual question appear in the record.

As our supreme court has said:

> "[T]he question of law must be *stated so as to clearly identify the scope and the limits of the legal issue reserved*. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to

be reviewed is dispositive of the case."

*Pendergrass*, 937 S.W.2d at 836-37 (quoting *Preston*, 759 S.W.2d 647, 650 (Tenn. 1988)) (emphasis in *Pendergrass*). The defendant bears the burden of ensuring compliance with the requisites of Rule 37(b). *See id.*

Because the defendant has failed to state any certified question of law, let alone state a question that clearly identifies the scope of the legal issues involved or the reasons relied on by the defendant in the trial court, we are without jurisdiction to hear his appeal. Accordingly, the appeal is dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE