IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 18, 2016 at Knoxville

## STATE OF TENNESSEE v. REBEKAH DEARMOND

**Appeal from the Circuit Court for Maury County**
**No. 24091    Robert Jones, Judge**

---

**No. M2015-01955-CCA-R3-CD – Filed July 7, 2016**

---

The defendant, Rebekah Dearmond, appeals from her Maury County Circuit Court guilty-pleaded conviction of second offense driving under the influence ("DUI"), claiming that the trial court erred by denying her motion to suppress. Because the defendant failed to properly preserve a certified question of law for our review, the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and D. KELLY THOMAS, JR., J., joined.

Ronald G. Freemon, Columbia, Tennessee, for the appellant, Rebekah Dearmond.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Brent Cooper, District Attorney General; and Adam Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Maury County Grand Jury charged the defendant with one count of second offense driving under the influence and with violating the implied consent law. The defendant later moved the court "to suppress any evidence derived as a result of the illegal seizure of the defendant." At the hearing on the motion to suppress, the defendant alleged that the arresting officer lacked reasonable suspicion to stop her vehicle. Via a June 12, 2015 order, the trial court denied the defendant's motion, finding that the arresting officer "had not one, but two valid reasons for conducting a traffic stop on the [d]efendant's vehicle." The defendant pleaded guilty as charged to both offenses on September 16, 2015.

In this timely appeal, the defendant contends that the trial court erred by denying her motion to suppress, reiterating her claim that the arresting officer lacked reasonable suspicion to stop her vehicle. The State asserts that the defendant has failed to properly preserve a certified question of law for our review, and, alternatively, that the ruling of the trial court was correct.

As in any other appeal before this court, our first concern is whether this court is authorized to hear the case. Jurisdiction to hear a direct appeal following a guilty plea generally must be predicated upon the provisions for reserving a certified question of law. Tennessee Rule of Criminal Procedure 37(b), which, as is applicable in this case, provides that a defendant

> may appeal from any judgment of conviction . . . on a plea of guilty . . . if . . . the defendant entered into a plea agreement under Rule 11(c) but explicitly reserve[s]—with the consent of the state and of the court—the right to appeal a certified question of law that is dispositive of the case.

Tenn. R. Crim. P. 37(b)(2)(A). To perfect an appeal of a certified question under these circumstances, the following requirements must be met:

> (i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;
>
> (ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;
>
> (iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and
>
> (iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv). In light of the dispensatory nature of a certified question appeal, our supreme court firmly rejected a rule of substantial compliance, *see*

*State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003), and instead demanded strict adherence to Rule 37(b), *see State v. Pendergrass*, 937 S.W.2d 834, 836-37 (Tenn. 1996).

Here, the defendant has utterly failed to comply with the requirements of Rule 37. First, the judgment form does not contain a statement of the certified question and does not incorporate by reference any order certifying a question for review. *See* Tenn. R. Crim. P. 37(b)(2)(A)(i). The trial court checked the box on the uniform judgment document labeled "Pled Guilty - Certified Question Findings Incorporated by Reference" and noted in the Special Conditions box that "[p]er agreement between Defendant, the State, and this Court, Defendant's report date, service of any probation, and suspension of license shall be suspended until decision has been made regarding the Certified Question of Law," but the record contains no order or other document stating the certified question in a manner that "identifies clearly the scope and limits of the legal issue reserved." Tenn. R. Crim. P. 37(b)(2)(A)(ii). The record similarly contains no statement indicating that "the certified question was expressly reserved with the consent of the state and the trial court" or "that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case." Tenn. R. Crim. P. 37(b)(2)(A)(iii)-(iv).

Because the defendant failed to comply with the requirements of Rule 37 for the appeal of a certified question, the appeal must be dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE