# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 4, 2016

## STATE OF TENNESSEE v. WILLIAM M. COLE

### Appeal from the Circuit Court for Gibson County
### No. 18854     Clayburn L. Peeples, Judge

---

### No. W2015-01764-CCA-R3-CD  -  Filed January 30, 2017

---

The defendant, William M. Cole, was indicted for rape of a child and entered a best-interest guilty plea to incest on May 6, 2015.  He was sentenced on September 8, 2015, to six years as a Range I, standard offender.  On September 14, 2015, he filed a timely notice of appeal of his sentence.  On September 28, 2015, he filed in the trial court a motion to withdraw his plea of guilty, arguing that he was not related to the victim by blood or marriage and, therefore, could not be found guilty of incest.  In this direct appeal filed after his plea of guilty and sentencing, but before he sought to withdraw his guilty plea, he argues that his plea of guilty was involuntary and should be set aside and that the trial court failed to consider all relevant factors in sentencing him.  The State responds that the defendant may attack the voluntariness of his plea only in a petition for post-conviction relief and not in a direct appeal.  We agree with this response, as well as the State's assertion that the defendant was properly sentenced.  Accordingly, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. GLENN, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

Brandon L. Newman, Trenton, Tennessee (on appeal); and Michael J. Flanagan, Nashville, Tennessee (at hearing), for the appellant, William M. Cole.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zenter, Assistant Attorney General; Garry G. Brown, District Attorney General; and Hillary L. Parham, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

At the plea hearing, the State advised the trial court that the statute of limitations prevented the defendant from being convicted of any lesser offenses to the indicted offense of rape of a child. However, the defendant had agreed to enter an open plea to the crime of incest, as an amended charge. The trial court then reviewed with the defendant the plea agreement and waiver of rights form, which the defendant had signed. Asked if he had any questions for the court or his attorney, the defendant responded, "I'm good." Subsequently, the trial court found that the defendant's plea was voluntary and that there was a factual basis for it: "Mr. Cole, I find your plea is voluntar[ily] and knowingly entered on the advice of a competent attorney with whom you're satisfied. I find there's a factual basis to that plea, and I find you guilty of incest."

Additionally, the trial court explained to the defendant the effect of the statute of limitations on his charge:

> [THE COURT]: You were charged originally with the crime of rape of a child, which carries a much greater penalty than the crime to which you pled. Technically, the crime to which you pled has a [s]tatute of [l]imitation[s] that has previously run, which means that if you were charged with that at a trial, you couldn't be found guilty of it. You can, however, waive the [s]tatute of [l]imitations with regard to the offense to which you pled guilty, and allow me to find you guilty of that offense, rather than going to trial for the other more serious offense. I presume that's . . . what you want to do?
>
> [THE DEFENDANT]: (Nodded head affirmatively.)
>
> [DEFENSE COUNSEL]: It is, Your Honor.

## ANALYSIS

On appeal, the defendant presents as his first issue the claim that his plea of guilty was not voluntary and knowing because the trial court found that "a factual basis existed for the plea without the presentation of any facts by the State." In response, the State argues that the involuntariness of a plea of guilty may be raised only in a post-conviction petition but not in a direct appeal, as occurred in this case. As we will explain, we agree with the State.

An involuntary guilty plea renders the judgment voidable, not void. See Archer v. State, 851 S.W.2d 157, 163-64. (Tenn. 1993). A post-conviction proceeding is the proper avenue for relief in such cases. Id. Although the defendant argues on appeal that his plea of guilty should be set aside, his motion to do so was filed in the trial court after his notice of appeal had been filed. Thus, the trial court no longer had jurisdiction to consider the motion and, in fact, did not rule on it. See State v. Frank Randall Snowden, No. W2005-01851-CCA-R3-CD, 2006 WL 1303946, at *2 (Tenn. Crim. App. May 11, 2006) ("Once the notice of appeal was filed, the jurisdiction of [the appellate] court attached, and, correlatively, the trial court lost jurisdiction.") (citing State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003)). Accordingly, the defendant's claim that his plea was involuntary and unknowing was made to a court which no longer had jurisdiction to consider it. It is not properly before this court, and we may not consider it.

The defendant's other claim on direct appeal is that the trial court erred in sentencing him, specifically by not considering all relevant factors.

Under the 2005 amendments to the Sentencing Act, a trial court is to consider the following when determining a defendant's sentence and the appropriate combination of sentencing alternatives:

> (1) The evidence, if any, received at the trial and the sentencing hearing;
>
> (2) The presentence report;
>
> (3) The principles of sentencing and arguments as to sentencing alternatives;
>
> (4) The nature and characteristics of the criminal conduct involved;
>
> (5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
>
> (6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and
>
> (7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (2014).

The trial court is granted broad discretion to impose a sentence anywhere within the applicable range, regardless of the presence or absence of enhancement or mitigating factors, and "sentences should be upheld so long as the statutory purposes and principles, along with any enhancement and mitigating factors, have been properly addressed." State v. Bise, 380 S.W.3d 682, 706 (Tenn. 2012). We review a trial court's sentencing determinations under an abuse of discretion standard, "granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." Id. at 707.

At the sentencing hearing in this matter, the victim's mother and sister, who was the defendant's ex-wife, testified, both regarding the background of the matter and its effect on the victim. The defendant testified, as well as a friend of his. Generally, the defendant testified as to his good employment history and lack of a criminal record. He said he believed the allegations against him had been instigated by his ex-wife in an attempt to regain custody of their daughter.

At the conclusion of the hearing, the trial court discussed with both counsel the appropriate enhancement and mitigating factors. As a mitigating factor, the court found that the defendant had lived a "conviction free life." As enhancement factors, the trial court applied factor (4), that the victim was particularly vulnerable because of age or physical or mental disability; factor (5), that the defendant treated the victim with exceptional cruelty during the commission of the offense, saying that it applied "as a practical matter"; factor (7), the offense was committed to gratify the defendant's desire for pleasure or excitement; and factor (14), the defendant, who was married to the victim's sister at the time, abused a position of trust to facilitate the commission of the offense. Tenn. Code Ann. § 40-35-114(4), (5), (7), (14).

We conclude that the trial court did not abuse its discretion in sentencing the defendant to serve a term of six years. It is clear from the transcript of the sentencing hearing that the trial court followed all necessary sentencing considerations. As the State points out in its brief, the defendant abused his position in the family to twice force the then eleven-year-old victim, who was deaf and communicated with sign language, to perform oral sex on him. The victim's mother testified as to the devastating and lasting effects these forced acts had on her daughter. Accordingly, the defendant's arguments regarding his sentencing are without merit.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE