IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 10, 2017

## STATE OF TENNESSEE v. THOMAS PLEAS WATTS

**Appeal from the Circuit Court for Rutherford County**
**No. M-75150    Royce Taylor, Judge**

_____

### No.  M2016-02551-CCA-R3-CD

_____

The Defendant, Thomas Pleas Watts, pleaded guilty in the Rutherford County Circuit Court to possession of marijuana and possession of drug paraphernalia.  *See* T.C.A. §§ 39-17-418 (2010) (amended 2014, 2016) (misdemeanor possession of marijuana), 39-17-425 (2014) (misdemeanor possession of drug paraphernalia).  Pursuant to the plea agreement, the trial court granted the Defendant judicial diversion for eleven months and twenty-nine days.  On appeal, the Defendant presents certified questions of law regarding the trial court's denying his motion to suppress.  We dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ. joined.

Gregory M. Reed, Murfreesboro, Tennessee, for the appellant, Thomas Pleas Watts.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Jennings H. Jones, District Attorney General; and John Zimmerman, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case relates to a traffic stop for a broken tail light, during which the police officer ordered the Defendant to step out of his car.  In response to questioning, the Defendant stated that he possessed a "bag of weed" and produced a small bag of marijuana and a pipe.  The Defendant filed a motion to suppress the evidence obtained during the stop, alleging that his incriminating statements were made during a custodial interrogation and without benefit of having received *Miranda* warnings.

The trial court denied the motion in a written order.  The court found that the arresting officer had probable cause to stop the Defendant because the Defendant's brake

light did not function, in violation of Tennessee Code Annotated section 55-9-402. The court also found that the Defendant was not in custody at the time of the stop and that "persons temporarily detained pursuant to ordinary traffic stops are not 'in custody' for *Miranda* purposes." The court found that a reasonable person in the Defendant's position would not "consider himself deprived of freedom of movement to a degree associated with a formal arrest."

After the trial court denied the motion to suppress, the Defendant pleaded guilty to both counts, and pursuant to his plea agreement he reserved two certified questions for appeal:

> a. Whether the Trial Court erred in its finding that the defendant was not seized or in custody during his detention so as to afford him of his rights under the Fifth Amendment to the Constitution of the United States and Article I, Section 9 of the Tennessee Constitution, thereby denying the defendant's motion to suppress statements and actions in response to the questions of Officer Derrick Bush of the Murfreesboro Police Department asked during a traffic stop for an inoperable brake light on the defendant's car; said statements and actions providing the state with all evidence necessary to convict the defendant of the offenses charged.

> b. Whether the Court erred in finding that the length of the detention of defendant by Officer Derrick Bush was constitutionally valid, thereby denying the defendant's motion to suppress all evidence of marijuana and drug paraphernalia at trial and on the basis that even if the detention was reasonable at the outset, it became unconstitutionally invalid as the investigation exceeded the proper parameters in light of the absence of any articulable facts justifying the detention beyond the time required for issuing a citation for a traffic offense.

Tennessee Criminal Procedure Rule 37(b)(2)(A) provides that an appeal can be taken from a plea of guilty if the Defendant enters into a plea agreement and explicitly reserves with the consent of the State and the trial court a certified question of law that is dispositive of the case. *See* Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv); *State v. Armstrong*, 126 S.W.3d 908 (Tenn. 2003). However, our examination of the record reflects that an "Order of Deferral (Judicial Diversion)" was filed and that the Defendant received judicial diversion pursuant to Tennessee Code Annotated section 40-34-313 (supp. 2016). This court concluded in *State v. Norris*, 47 S.W.3d 457, 461-62 (Tenn. Crim. App. 2000), that an appeal may not be taken from an order of judicial diversion because an order of diversion neither results in a judgment of conviction, nor any of the orders articulated in

Tennessee Rule of Criminal Procedure 37(b) or Tennessee Rule of Appellate Procedure 3(b).[1]  Therefore, this court does not have jurisdiction to consider the Defendant's appeal.

        In consideration of the foregoing and the record as a whole, the appeal is dismissed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

---

[1]Appeals may be taken from orders "denying or revoking probation, and from a judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding."  T.R.A.P. 3(b).