# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 27, 2013

## STATE OF TENNESSEE v. JAMES HAYES

**Direct Appeal from the Criminal Court for White County**
**No. CR4802     David A. Patterson, Judge**

---

**No. M2012-00262-CCA-R3-CD - Filed May 6, 2013**

---

The appellant, James Hayes, pled guilty in the White County Criminal Court to driving under the influence (DUI) and reserved a certified question of law concerning whether the police had reasonable suspicion to stop his vehicle. Upon review, we conclude that the appellant failed to properly certify his question of law. Therefore, we are compelled to dismiss the appeal for lack of jurisdiction.

## Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Justin C. Angel, Pikeville, Tennessee, for the appellant, James Hayes.

Robert E. Cooper, Jr., Attorney General and Reporter; Kyle Hixson, Assistant Attorney General; Randall A. York, District Attorney General; and Philip Hatch, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

In May 2011, a White County Grand Jury returned an indictment against the appellant, charging him with DUI and with violating the implied consent law. On September 15, 2011, the appellant filed a motion to suppress, alleging that the evidence derived from the police's stop of his vehicle should be suppressed because there was no reasonable suspicion for the stop.

At the October 28, 2011 suppression hearing, White County Sheriff's Department Sergeant Daniel Trivette testified that while he was patrolling the area of Old Bon Air Road on the evening of December 9, 2010, he saw a white Toyota car perform a U-turn at the intersection of Crossville Highway and Old Bon Air Road. Sergeant Trivette followed the vehicle and saw its right wheels go off the right side of the road. At that point, he initiated a traffic stop and approached the vehicle.

Sergeant Trivette said that he asked the appellant, who was the only person in the vehicle, for his driver's license, car registration, and proof of insurance. Upon obtaining the items, Sergeant Trivette began walking back to his patrol car and noticed several open beer cans in the back seat and back floorboard of the appellant's car.

On cross-examination, Sergeant Trivette said that he stopped the appellant at approximately 11:30 p.m. and that it was cold and dark outside. He said that Old Bon Air Road was a two-lane, county road and that there was no shoulder on either side of the road. Sergeant Trivette acknowledged that there was no traffic other than his patrol car and the appellant's vehicle. He explained that when he first saw the appellant's vehicle, the appellant stopped at a stop sign and made a U-turn by crossing into the oncoming lane of traffic, moving into a "a little gravel pull-off," then returning to the oncoming lane of traffic. Believing the appellant had performed an illegal U-turn, Sergeant Trivette began following him. Upon being shown a Tennessee Driver's Study Guide, Sergeant Trivette agreed that the Tennessee Department of Safety had defined a U-turn as "a turn within the road, made in one U-shaped motion so as to end up with your vehicle traveling the opposite and reverse direction as before the turn." Sergeant Trivette said that because the appellant had not made the turn entirely within the roadway, the appellant's turn did not strictly comply with the foregoing definition of a U-turn.

Sergeant Trivette said the tires of the appellant's vehicle left the roadway. He stated that there was no shoulder but that there was "some sort of line marking there." The appellant returned his car to the roadway "after a short distance." Sergeant Trivette said that he had followed the appellant for approximately one mile after the U-turn before activating his blue lights. After Sergeant Trivette activated his blue lights, the appellant responded fairly quickly. Sergeant Trivette activated the video camera in his patrol car immediately before the stop. Sergeant Trivette did not issue a citation to the appellant for failing to maintain a lane, reckless driving, or leaving the roadway. However, in his report Sergeant Trivette said the appellant was "having difficulty maintaining [a] lane." Sergeant Trivette said that the appellant was not speeding.

On redirect examination, Sergeant Trivette said that he did not immediately activate his blue lights following the appellant's execution of a U-turn. He observed the appellant's

driving and, after watching the wheels of the appellant's vehicle leave the roadway, felt the appellant was "[a] danger to himself and others."

At the conclusion of the hearing, the court found that the appellant's U-turn, alone, did not give Sergeant Trivette reasonable suspicion to stop the appellant. However, the officer had reasonable suspicion after seeing the tires of the appellant's vehicle leave the roadway. The court decided, therefore, that there was no illegality to the stop.

Following the trial court's denial of his motion to suppress, on January 9, 2012, the appellant pled guilty to DUI and received a sentence of eleven months and twenty-nine days, which would be suspended after service of forty-eight hours in jail. The parties agreed that as a condition of his guilty plea, the appellant was reserving a certified question of law challenging the legality of the stop.[1] The judgment of conviction, which was filed on March 21, 2012, did not mention a certified question of law. However, on January 9, 2012, more than three months prior to the entry of the judgment, the appellant filed an "Addendum to Judgment," signed only by defense counsel, reflecting the reservation of the following certified question of law, supposedly with the consent of the trial court and the State:

> Whether the encounter between the [appellant] and Deputy Daniel Trivette of the White County Sheriff's Department on or about December 19, 2010 on Old Bonair Road in White County and the subsequent observations, search, seizure, and arrest of the [appellant] by Deputy Trivette were in violation of the United States and the Tennessee Constitutions and the laws of the State of Tennessee, in that the basis for the stop and seizure, ie: the alleged U-turn and the [appellant] drifting off the roadway one time gives rise to probable cause or reasonable suspicion to seize the [appellant].

## II. Analysis

Initially, the State contends that the appellant failed to properly reserve his certified question of law. At the time of the appellant's guilty pleas, Tennessee Rule of Criminal Procedure 37(b)(2)(A)[2] provided that a certified question may be reserved when:

---

[1]The transcript of the guilty plea hearing clearly reflects that the trial court and the State consented to the appeal.

[2]This amendment to Rule 37 became effective on July 1, 2011. Tenn. R. Crim. P. 37, Compiler's
(continued...)

the defendant entered into a plea agreement under Rule 11(a)(3) but explicitly reserved-with the consent of the state and of the court-the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

(i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

(iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case.

See also Tenn. R. Crim. P. 37(b)(2)(D); State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988).

The State contends that the appellant failed to properly reserve a certified question of law under either of the two methods provided for in Rule 37. First, the State asserts that the certified question of law was not reserved in the judgment of conviction. Second, the State asserts that the appellant's "Addendum to Judgment," which was signed by defense counsel only, "does not equate to an order of the trial court and simply does not suffice under the amended Rule 37." We agree with the State.

The advisory commission comments to Rule 37 explain that

[t]he amendment to Rule 37(b)(2)(A) addresses those cases where the certified question of law is not stated in the judgment. In such cases, the amendment removes the requirement that a separate document setting forth the certified

2(...continued)
Notes.

> question of law be incorporated by reference in the judgment, and it allows the requirements of the Rule to be met *by an order entered by the trial court* certifying the question.

(emphasis added). In the instant case, the "Addendum to Judgment" containing the certified question of law was signed only by defense counsel and therefore was not an order entered by the trial court.

Once again, we are forced to dismiss an appeal due to counsel's failure to comply with the dictates of Rule 37(b)(2)(A) and Preston. Our supreme court has expressly rejected the argument that substantial compliance with Rule 37 is sufficient to properly reserve a certified question of law. State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003). This court has consistently held that the requirements of Rule 37 are clear and jurisdictional. See State v. John Anthony Partin, No. M2010-00190-CCA-R3-CD, 2011 WL 676183, at *2 (Tenn. Crim. App. at Nashville, Feb. 24, 2011); State v. Curtis Emmanuel Lane, No. E2004-02340-CCA-R3-CD, 2005 WL 2862972, at *3-4 (Tenn. Crim. App. at Knoxville, Nov. 2, 2005). Because the appellant failed to comply with the dictates of Rule 37 to properly reserve a certified question of law, we are compelled to dismiss the appeal. See State v. Deangelo M. Radley, No. M2011-00165-CCA-R3-CD, 2011 WL 4695652, at *3 (Tenn. Crim. App. at Nashville, Oct. 7, 2011), application for perm. to appeal filed (Tenn., Dec. 6, 2011); State v. Carl F. Neer, No. E2000-02791-CCA-R3-CD, 2001 WL 1180507, at *2-3 (Tenn. Crim. App. at Knoxville, Oct. 8, 2001); State v. Lillie Fran Ferguson, No. W2000-01687-CCA-R3-CD, 2001 WL 432519, at *3-4 (Tenn. Crim. App. at Jackson, Apr. 27, 2001); State v. Danny Harold Ogle, No. E2000-00421-CCA-R3-CD, 2001 WL 38755, at *4 (Tenn. Crim. App. at Knoxville, Jan. 17, 2001).

### III. Conclusion

In sum, because the appellant failed to properly reserve his certified question of law in either the judgment of conviction or in an order by the trial court, the appeal is dismissed for lack of jurisdiction.

_____
NORMA McGEE OGLE, JUDGE

-5-