IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 19, 2024

**STATE OF TENNESSEE v. CHARLES IVIE PORTER**

**Appeal from the Criminal Court for Macon County**
**Nos. 2023-CR-111; 2023-CR-120          Brody N. Kane, Judge**
_____

**No. M2023-01538-CCA-R3-CD**

After the denial of a motion to suppress, Charles Ivie Porter, Defendant, pled guilty to two counts of possession of methamphetamine with the intent to sell in exchange for the dismissal of seven additional drug charges in two separate cases. He received an effective sentence of twelve years in incarceration. Pursuant to the plea agreement, the parties reserved a certified question of law for appeal under Tennessee Rule of Criminal Procedure 37(b)(2). After a review, we determine that we do not have jurisdiction to address the certified question because it does not meet the requirements of Rule 37(b)(2) and *State v. Preston*, 759 S.W.2d 647 (Tenn. 1988). Therefore, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT H. MONTGOMERY, JR., JJ., joined.

Daniel J. Turklay, Lebanon, Tennessee, for the appellant, Charles Ivie Porter.

Jonathan Skrmetti, Attorney General and Reporter; Johnny Cerisano, Assistant Attorney General; Jason Lawson, District Attorney General; and William Calla, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant was indicted by the Macon County Grand Jury in June of 2023 for one count of possession of methamphetamine with the intent to sell, one count of marijuana with intent to sell, and one count of possession of drug paraphernalia. The same grand jury charged Defendant in a second indictment with one count of possession of methamphetamine with intent to sell; one count of possession of psilocybin with the intent to sell; one count of possession of hydrocodone with the intent to sell; one count of

possession of alprazolam with intent to sell; one count of possession of marijuana with the intent to sell; and one count of possession of drug paraphernalia.

At some point, Defendant filed a motion to suppress the evidence of drugs discovered during two separate searches of Defendant's residence that ultimately led to the indictments. That motion does not appear in the record on appeal but is referenced in and ruled on by the trial court in the transcript of the hearing on the motion. The trial court denied the motion to suppress after the hearing. According to the trial court, the "basis of the . . . [m]otion was that the [c]ourt had not signed the probation order of either [c]o-defendant . . . or Defendant."

Defendant subsequently entered a guilty plea to the first two counts on each indictment in exchange for dismissal of the remaining counts. The transcript of the guilty plea hearing does not appear in the record, but the record does contain a filing entitled "Request for Acceptance of Plea of Guilty Petition to Waive Trial by Jury and to Waive an Appeal." The judgment forms entered on October 2, 2023 reflect that Defendant pled guilty to two counts of possession of methamphetamine with intent to sell as a Range I, standard offender. In the special conditions box of each form, the following is typed: "Nolle all remaining counts of this indictment."[1] He received a sentence of 12 years to be served in incarceration. The sentences were ordered to be served concurrently. The judgment forms do not reference or incorporate the "Certified Question Pursuant to Plea Agreement" document that appears in the technical record. That document, filed by counsel for Defendant on the same day the judgment forms were entered, is signed by both counsel for Defendant and counsel for the State and purports to submit the following certified questions:

> 1. Were the searches conducted on the Defendant constitutional when the state probation orders purported to be applicable to the Defendant and Co-Defendant were signed and initialed by the Defendant and Co-Defendant, but were not signed by the trial court judge?
>
> 2. Did the searches of the Defendant and Co-Defendant otherwise exceed the scope and/or purpose of a search authorized on probationers in the absence of a warrant?

In this document, the parties also stipulated: (1) that there was no valid search warrant in either case; (2) that Defendant and the co-defendant had both been sentenced to state

---

[1] We note that there are no individual judgment forms in the record for the counts that were nolle prossed. The trial court should have entered a judgment form for each count of each indictment. *See State v. Davidson*, 509 S.W.3d 156, 217 (Tenn. 2016) (requiring a trial court to prepare a uniform judgment document for each count of the indictment).

probation pursuant to their respective plea deals in prior cases; (3) that Defendant and the co-defendant initialed and signed where indicated on their respective probation orders; and (4) that the trial judge did not sign either probation order.

Defendant filed a notice of appeal on November 1, 2023. On February 5, 2024, the trial court filed a "Final Order." In this order, the trial court stated:

> Defendant . . . entered a guilty plea subject to a certified question of the dispositive issue of whether the probation searches conducted in the above-captioned cases, both subject to the same alleged defect, were invalid subjecting the evidence of all illegal substances found in both cases to be subject to suppression.

*Analysis*

Defendant argues on appeal that the probation conditions contained in Defendant's prospective probation order are not in effect because the trial court judge did not sign the probation conditions order and that the motion to suppress should have been granted in the absence of a valid search warrant. The State argues that the appeal should be dismissed because Defendant has failed to properly reserve a certified question of law. The State's brief put Defendant on notice of the deficiencies, and he sought leave to file a reply brief. He did not file a reply brief within the original time allotted by this Court and sought additional time. This Court initially denied the request for additional time to file a reply brief, but later reconsidered and gave Defendant an extension of time. Defendant filed a reply brief in which he argued that "substantial compliance with the letter and spirit of the rules and case law" should allow this Court to "determine this case on the merits." For the reasons set forth below, we agree with the State.

As we explained in *State v. Hodges*,

> Jurisdiction to hear a direct appeal following a guilty plea generally must be predicated upon the provisions for reserving a certified question of law. Because of the dispensatory nature of a certified question appeal, our supreme court firmly rejected a rule of substantial compliance, *see State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003), and instead demanded strict adherence to Rule 37(b), *State v. Pendergrass*, 937 S.W.2d 834, 836-37 (Tenn. 1996).

*State v. Hodges*, No. W2023-00108-CCA-R3-CD, 2023 WL 8827191, at *2 (Tenn. Crim. App. Dec. 21, 2023), *no perm. app. filed*. Rule 37(b) of the Tennessee Rules of Criminal Procedure provides, in pertinent part, as follows:

- 3 -

(b) When an Appeal Lies. The defendant or the state may appeal any order or judgment in a criminal proceeding when the law provides for such appeal. The defendant may appeal from any judgment of conviction

(1) on a plea of not guilty; or

(2) on a plea of guilty or nolo contendere, if:

(A) the defendant entered into a plea agreement under Rule 11(c) but explicitly reserved-with the consent of the state and of the court-the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

(i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

(iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

*See State v. Preston*, 759 S.W.2d 647 (Tenn. 1988).

Strict compliance with the prerequisites is required. *Armstrong*, 126 S.W.3d at 912. "The defendant bears the burden of ensuring that the final order complies with the requirements of Rule 37 and that the appellate record is sufficient for review." *State v. Springer*, 406 S.W.3d 526, 531 (Tenn. 2013); *see Pendergrass*, 937 S.W.2d at 837 (Tenn. 1996). The failure to properly reserve a certified question of law pursuant to Rule 37 results in dismissal of the appeal for lack of jurisdiction. *Id.* at 838.

The trial court's order reserving the question in this case does not include a statement of the question posed by Defendant on appeal. In fact, Defendant offers two certified questions on appeal: (1)"Were the searches conducted on the Defendant constitutional when the state probation orders purported to be applicable to the Defendant and Co-defendant were signed and initialed by the Defendant and [c]o-defendant, but were not signed by the trial court judge?" and (2) "Did the searches of the Defendant and Co-Defendant otherwise exceed the scope and/or purpose of a search authorized on probationers in the absence of a warrant?" The trial court's order, on the other hand, lists the question as "whether the probation searches conducted in the above-captioned cases, both subject to the same alleged defect, were invalid subjecting the evidence of all illegal substances found in both cases to be subject to suppression." The rule requires the order reserving the certified question include a "statement of the question itself." Tenn. R. Crim. P. 37(b)(2)(A). Defendant has failed to make sure that the trial court's final order complies with Rule 37. The appeal must therefore be dismissed.

Moreover, Defendant's certified question does not clearly identify the "scope and limits" of the issue reserved. *See generally* Tenn. R. Crim. P. 37(b)(2)(A)(ii); *Preston*, 759 S.W.2d at 650 (requiring that the issue be stated in such a way as "to clearly identify the scope and limits of the legal issue reserved."). "A defendant's certified issue must identify, among other things: (1) 'the reasons relied upon by defendant in the trial court' to advance the motion, and (2) the reasons 'passed upon by the trial judge' in denying the motion." *Preston*, 759 S.W.2d at 650.

*Conclusion*

Defendant has failed to meet the requirements set forth in Rule 37(b) of the Tennessee Rules of Criminal Procedure to properly certify a question of law. Thus, we lack jurisdiction, and this appeal is dismissed.

s/ Timothy L. Easter
TIMOTHY L. EASTER, JUDGE

- 5 -